456 So.2d 206 (1984)
Donald E. LEWIS & Capital City Press
v.
Petr L. SPURNEY, Lee Randall & Louisiana World Exposition, Inc.
No. CA 2650.
Court of Appeal of Louisiana, Fourth Circuit.
September 19, 1984.
Rehearing not considered October 5, 1984.
Writs Denied September 28, and October 26, 1984.
Frank M. Coates, Jr., Taylor, Porter, Brooks & Phillips, Baton Rouge, for plaintiffs-appellants.
Margaret Ann Brown, Charles J. Willoughby, New Orleans, for defendants-appellees.
Before SCHOTT, BYRNES and LOBRANO, JJ.
SCHOTT, Judge.
This is an action by Capital City Press, a newspaper publisher, and its employee, Donald E. Lewis, to enforce the provisions *207 of the Public Records Law, LSA-R.S. 44:1 et seq., against Louisiana World Exposition, Inc. (LWE) and its executive officers. The issue is whether LWE's records are "public records" so as to entitle plaintiffs to examine them under R.S. 44:31. The trial court dismissed plaintiffs' suit and they have appealed.
LWE is a private, non-profit corporation which created and is now operating the 1984 World's Fair in New Orleans. Although largely dependent upon private capital, LWE has also relied upon public financial support since before it opened the Fair in May 1984. Such public support commenced with the passage of Act 460 of 1981 which appropriated $5,000,000 out of the state's general fund to be placed in an escrow account for the purpose of covering any deficit of the Fair's operations upon its discontinuance, cessation, or conclusion.
As the opening of the Fair drew near, Act 1 of 1984 was adopted and became effective on April 25, 1984. This appropriated $10,000,000 to the Louisiana Exposition Authority (LEA), created by Act 263 of 1977 for the purpose of constructing the Louisiana exhibit at the World's Fair, and authorized LEA to loan this sum to LWE. Petr Spurney, LWE's chief executive officer, testified that this $10,000,000 helped cover the expenses of opening the Fair. Because the Fair could not meet its financial obligations out of its operating revenues, the legislature passed Act 199 of 1984, effective June 28, 1984, which authorized LEA to borrow $17,500,000 and to loan this sum to LWE to liquidate debts to contractors and banks and to pay operating expenses. On July 12, 1984 LWE signed a $15,000,000 note to LEA evidencing receipt of this part of the $17,500,000. Pursuant to a "Co-operative Endeavor Agreement" this $15,000,000 was to be paid to bank and contractor creditors of LWE as authorized by the Governor through a Fiscal and Financial Committee. Although referred to as loans in the acts the evidence indicates that the loans will probably not be repaid. In all likelihood, the other $2,500,000, still available to LWE pursuant to Act 199, will have to be borrowed and the $5,000,000 in escrow pursuant to Act 460 of 1981 will likewise be needed at the conclusion of the Fair.
In dismissing plaintiffs' suit the trial judge reasoned that LWE is a private corporation whose receipt of public funds as loans did not make it a public body. Holding that the Public Records Act applies only to public bodies the court concluded that plaintiffs were not entitled to the relief they are seeking. In this court both sides have addressed the issue of whether LWE is a public body or not; however, we have concluded that this question is irrelevant to our decision. The question is simply whether LWE's records are "public records" or not.
R.S. 44:31 provides that "any person ... may inspect ... any public record." R.S. 44:1A (2) provides the definition of "public records" as follows:
"All books, records, writings, accounts... being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function ... concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are `public records,' except as otherwise provided in this Chapter or as otherwise specifically provided by law."
LWE has received $25,000,000 under the authority of Acts 1 and 199 of 1984 and LSA-Const. Art. 7, Section 14 (C) which is the underlying authority for this sort of cooperative endeavor. Since this money has been spent on LWE's operations or to pay its creditors, LWE's financial records would necessarily reflect business or transactions which concern this money. Thus, the records are "public records" under the statutory definition and plaintiffs are entitled to inspect them.
This conclusion is buttressed by the principle that the public records law must be liberally construed so as to enlarge rather than restrict access to public records by the public. Any exemption from the law is *208 in derogation of the public's right to know how government affairs are being conducted and must be narrowly interpreted. Amoco Production Co. v. Landry, 426 So.2d 220 (La.App. 4th Cir.1982).
In the present case LWE received $10,000,000 from the state before the Exposition opened its doors. Before the end of July it received another $15,000,000. When the definition of public records is considered in the spirit of liberal interpretation favoring inspection by the public the conclusion is inescapable. The public is entitled to see exactly where all this money has been spent.
In their petition plaintiffs sought to inspect all of LWE's records. We have concluded that they are entitled to inspect only financial records dating from the time LWE received any of the $10,000,000 authorized by Act 1 of 1984.
We have also concluded that plaintiffs are not entitled to attorney's fees which they seek under R.S. 44:35D. This statute provides that a prevailing party is entitled to attorney's fees but further provides that where a party "prevails in part" the award of attorney's fees is discretionary with the court. Since plaintiffs have prevailed only in part, and since LWE's resistance was in good faith, we are not disposed to award attorney's fees.
Accordingly, the judgment of the trial court is reversed and set aside, and there is judgment in favor of plaintiffs and against defendants ordering them to make available to plaintiffs for inspection and copying the financial records of Louisiana World Exposition, Inc. from the date it first received any of the funds from Louisiana Exposition Authority pursuant to Act 1 of 1984. The parties will be governed by the provisions of R.S. 44:31 et seq. All costs in the trial court and this court are assessed against defendants.
REVERSED AND RENDERED.

On Application for Rehearing
PER CURIAM.
The application for rehearing is not considered. CCP Art. 2166 D. The obvious meaning of "financial records" is all records of receipts and disbursements of all funds.