583 So.2d 119 (1991)
Joan TREADWAY
v.
Larry JONES, Executive Director of the Housing Authority of New Orleans, et al.
No. 91-CA-0469.
Court of Appeal of Louisiana, Fourth Circuit.
June 27, 1991.
*120 Jack M. Weiss, III, Mark B. Holton, Stone, Pigman, Walther, Wittman & Hutchinson, New Orleans, for plaintiff/appellant.
Sidney H. Cates, IV, Troy N. Bell, Carter & Cates, New Orleans, for defendant/appellee.
Before BARRY, WILLIAMS and PLOTKIN, JJ.
BARRY, Judge.
Joan Treadway, a reporter for The Times-Picayune newspaper, filed suit under the Louisiana Public Records Law, La. R.S. 44:1 et seq., to compel Larry Jones, Director of the Housing Authority of New Orleans (HANO), to release written proposals submitted by private entities which were seeking a contract to manage HANO.

FACTS
On Friday, January 4, 1991 Ms. Treadway hand delivered a letter to Mr. Jones which requested that she be permitted to copy the management proposals. She telephoned Mr. Jones on Monday, January 7 to verify that he had received her letter. On January 11, Ms. Treadway's attorney hand delivered a second letter informing Mr. Jones that Ms. Treadway would file suit if she did not receive the records by 5:00 p.m. on January 14. That same day Ms. Treadway received a letter from Mr. Jones dated January 9, 1991 which stated that the proposals were not public records. Later that day, an attorney for HANO called and told Ms. Treadway that she would be allowed to inspect the proposals on January 14. Ms. Treadway went to HANO's offices on January 14 but was not allowed to see the records. The next day Ms. Treadway filed suit for a declaratory judgment to make the proposals public, and that Mr. Jones arbitrarily and capriciously refused to release the records in violation of La.R.S. 44:32. The petition prayed for a writ of mandamus ordering that the records be produced immediately, or in the alternative *121 an injunction prohibiting Mr. Jones and HANO from withholding the documents. Ms. Treadway requested attorney's fees, penalties, and costs.
The trial court denied Ms. Treadway's petition and found that HANO "must follow the dictates and suggestions and requirements of (HUD) in order to receive federal funding for its program." The court ruled that the proposals were not public documents.
On appeal Ms. Treadway argues that the trial court erred by determining that "the purported preferences of HUD officials, not reflecting the binding mandates of federal law," justified the refusal to produce the records and by holding that informal preferences of federal officials preempt Louisiana's Public Records Law.

THE LAW
A custodian of public records has a statutory duty to provide immediate access to public records if they are available. If the records cannot be produced immediately, the custodian must certify in writing that they are unavailable and arrange for access to the records within three business days. La.R.S. 44:33 B(1). If there is a question as to whether a requested record is public, the custodian must make a determination and notify the person requesting the record of its determination and the reasons therefor within three business days. R.S. 44:32 D.
"Public records" include:
All books, records, writings, accounts, letters ... and papers, ... or any other documentary materials, regardless of physical form or characteristics, ... having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed ... by or under the authority of any ordinance, regulation, mandate, or order of any public body.... R.S. 44:1 A(2).
HANO is a "public body" whose records are subject to disclosure. R.S. 44:1 A(1).
The right of access to public records is very strong. Article 12, Section 3 of the Louisiana Constitution of 1974 provides in pertinent part that: "[n]o person shall be denied the right ... to examine public documents, except in cases established by law."
Louisiana citizens have an unequivocal constitutional and statutory right to examine public records. Access to such records can be denied only when a law specifically provides otherwise. Title Research Corp. v. Rausch, 450 So.2d 933 (La.1984).
The Public Records Law must be liberally interpreted to enlarge rather than restrict the public's access to public records. Exemptions from disclosure should be narrowly construed because they are in derogation of the public's right to know how government affairs are conducted. Lewis v. Spurney, 456 So.2d 206 (La. App. 4th Cir.1984), writs denied 457 So.2d 1183 and 458 So.2d 488 (La.1984).
Society's right to be informed about legitimate subjects of public interest limits privacy rights in some cases. Parish National Bank v. Lane, 397 So.2d 1282 (La. 1981). In Gannett River States Publishing v. Hussey, 557 So.2d 1154 (La.App. 2d Cir.1990), writ denied 561 So.2d 103 (La. 1990), the court applied a balancing test to determine that individuals applying to be Shreveport's Fire Chief had legitimate privacy interests, but those interests were not objectively reasonable when balanced against the public's need to know about applicants who sought to manage a significant public department with a $15 million annual budget. 557 So.2d at 1159.
In this case applicants submitted written proposals to provide management of public housing in New Orleans. This Court is cognizant that HANO is the owner of thousands of housing units and has a multi-million dollar budget. No applicant intervened to claim a right to privacy, although the person in charge of the bid process for HANO testified that some applicants may have been told that their proposals would be confidential. Corporations, *122 not individuals, are applying for the contract so there is no expectation of privacy as in Gannett.
An assurance of confidentiality by HANO is not sufficient to keep the proposals from being subject to the Public Records Law. See, Fryar v. Guste, 371 So.2d 742 (La.1979). The Public Records Law mandates that HANO release the proposals unless federal law mandates confidentiality.
State law is preempted by federal law under the Supremacy Clause of the United States Constitution. Hillsborough County, Fla. v. Automated Medical Laboratories, Inc., 471 U.S. 707, 712-13, 105 S.Ct. 2371, 2375, 85 L.Ed.2d 714 (1985). Under certain circumstances federal agency regulations may preempt state law. City of New York v. F.C.C., 486 U.S. 57, 108 S.Ct. 1637, 100 L.Ed.2d 48 (1988).
We have not found nor has HANO cited a federal statute or regulation which would bar disclosure of the proposals. HANO offers a draft model procurement policy which HUD may recommend to local housing boards. HANO also relied on the Federal Acquisition Regulation System (FAR), 48 C.F.R. § 1.000 et seq., § 3.000 et seq. and § 15.000 et seq. (1990).
The draft of a federal policy has no preemptive effect on state law. HANO concedes that by its own terms FAR is not binding on a local housing authority.
Basically, HANO is concerned because HUD officials recommended that the managment proposals be confidential. HANO's desire to defer to HUD's preference does not justify HANO's refusal to produce the proposals.
Because the Public Records Law compels disclosure, we pretermit the arguments concerning improper evidence.
Ms. Treadway submits that Jones was arbitrary and capricious in violation of R.S. 44:32 D, and she requests attorney fees, penalities and costs under R.S. 44:35 E. R.S. 44:32 D requires that if there is a question whether requested documents are public records, the records custodian must determine whether the records are public and inform the person requesting the records in writing of the reasons for his determination within three business days. La.R.S. 44:32 D.
R.S. 44:35 E provides:
E. (1) If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the requester any actual damages proven by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32 it may award the requester civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification.
(2) The custodian shall be personally liable for the payment of any such damages, and shall be liable in solido with the public body for the payment of the requester's attorney's fees and other costs of litigation, except where the custodian has withheld or denied production of the requested record or records on advice of the legal counsel representing the public body in which the office of such custodian is located, and in the event the custodian retains private legal counsel for his defense or for bringing suit against the requester in connection with the request for records, the court may award attorneys' fees to the custodian.
Mr. Jones did not respond to Ms. Treadway's request within three business days as required by R.S. 44:32 D. Mr. Jones' initial response provided no reason to withhold the proposals other than a statement that they were not public records, a contention HANO has now abandoned. However, Mr. Jones testified that he withheld the requested proposals on the advice of counsel. Therefore, he is not personally liable for damages, attorney's fees, or costs. R.S. 44:35 E(2).
*123 We note La.R.S. 40:451 which provides that in order to obtain federal funding a housing authority is authorized "to do all things necessary or desirable to secure the financial aid or cooperation of the federal government...." La.R.S. 40:451 A(1) and (2). The record convinces us that HANO's action (inaction) was predicated on its unsupported belief that to ignore HUD's alleged request might jeopardize its funding. We decline to impose penalties because HANO, apparently in good faith, withheld the documents at the urging of HUD officials and on advice of counsel. We have no basis to conclude that Mr. Jones acted in bad faith.
Mr. Jones did not fulfill his statutory duty to disclose the records or to respond to Ms. Treadway's request within three business days. Ms. Treadway is entitled to an award of attorney's fees. R.S. 44:32 D; Association For Rights of Citizens, Inc. v. Parish of St. Bernard, 557 So.2d 714 (La.App. 4th Cir.1990). Mr. Jones is not personally liable since he refused the request on the advise of HANO's counsel. R.S. 44:35 E(2).
The district court judgment is reversed. A writ of mandamus is entered directing Mr. Jones and HANO to provide Ms. Treadway with a copy of each proposal for a management contract which was submitted to HANO. The amount of attorney's fees is remanded for a hearing by the trial court. Costs are to be paid by HANO.
REVERSED; REMANDED.
PLOTKIN, J., dissents in part with written reasons.
PLOTKIN, Judge, dissenting in part with written reasons:
I agree with the majority's conclusions that the Public Records Act compels public disclosure of the proposals requested by the plaintiff in this case and that the defendant should have produced the requested documents. I also agree with the conclusion that Ms. Treadway is entitled to attorney's fees and costs under the provisions of LSA-R.S. 44:35(D) and that Mr. Jones is not personally liable for damages under LSA-R.S. 44:35(E)(2) because he relied on the advise of counsel in failing to fulfill the request.
However, I respectfully dissent from the majority's decision on the civil penalties issue. The majority concludes that the plaintiff is not entitled to civil penalties because "HANO's action (inaction) was predicated on its unsupported belief that to ignore HUD's alleged request might jeopardize its funding." The majority bolsters this conclusion by saying that civil penalties are inappropriate here because HANO apparently acted in good faith.
In coming to that conclusion, the majority misinterprets LSA-R.S. 44:35(E), governing the imposition of civil penalties, which provides, in pertinent part, as follows:
(1) If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the requester any actual damages proven by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32 it may award the requester civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification.
(Emphasis added.)
Under the provisions of the above statute the plaintiff in the instant case would automatically have been entitled to actual damages for the defendant's failure to produce the requested documents, if such damages had been proven. However, since the record contains no evidence of actual damages, no such damages may be awarded.
The above statute imposes civil penalties for "failure to respond" as required by LSA-R.S. 44:32. However, that phrase does not appear in the statute cited. LSA-R.S. 44:32 imposes two different requirements on custodians: (1) that they "present any public record to any person of the age of majority who so requests," 44:32(A), and *124 (2) that they notify the party making the request within three days if there is a question about whether the documents requested fall within the purview of the Public Records Act. 44:32(D). Thus, it is impossible to tell from the statute whether civil penalties are triggered by the "failure to present" as required by Subsection A, or by the "failure to notify" as required by Subsection D.
The majority opinion indicates that its decision to disallow civil penalties is premised on the belief that HANO's failure to release the proposals was reasonable, and therefore not arbitrary, in light of all the surrounding circumstances. Thus, the majority would impose penalties only for the arbitrary or unreasonable "failure to present." Although I agree with the majority's express conclusion that the failure to present the documents was not arbitrary, I disagree with the implied conclusion that civil penalties should be imposed only if the custodian is reasonable in failing to present the requested documents. Such an interpretation ignores the other requirement of LSA-R.S. 44:32 that the custodian notify the person making the request within three days of his intention to deny the request. I believe that the purpose of the statute is best served by imposing civil penalties when the custodian arbitrarily fails to notify, in addition to those cases where the failure to produce the requested documents is arbitrary.
The right of the public to have access to public records is a fundamental right, guaranteed by La. Const. art. XII, § 3. Title Research Corp. v. Rausch, 450 So.2d 933, 936 (La.1984). The Public Records Act was obviously intended to implement the inherent right of the public to be reasonably informed as to the manner, basis, and reasons upon which governmental affairs are conducted. Bartels v. Roussel, 303 So.2d 833, 836 (La.App. 1st Cir.1974); writ denied 307 So.2d 372 (La.1975). The basic reason behind the adoption of the Public Records Act is the desire to ensure governmental integrity. Where citizens, specifically the press, are given access to such documents, the documents can be presented for public scrutiny to guarantee proper conduct on the part of government officials. Thus, the provisions of the Public Records Act should be construed to promote that purpose.
In the instant case, the defendants failed to make any response to the plaintiff's request within the three-day period established by law. The purpose of that particular provision is to require the custodians of governmental records to inform persons making requests of whether they intend to fulfill the request in a timely fashion. If the custodian indicates that he does not intend to fulfill the request, the party making the request can then pursue other remedies, such as legal action, to compel release of the information. The failure to respond to the request in writing as required by law hampers the person making the request in pursuing the information. Thus, the civil penalties provision should be construed in the manner which best promotes compliance with the whole statute, including the notification requirements.
I would impose civil penalties on the defendant in the instant case for its failure to notify the plaintiff of its belief that the requested documents do not fall under the provisions of the Public Records Act within three days of the request, as required by LSA-R.S. 44:32(D). The record contains no evidence which would justify the failure to notify; thus such failure was arbitrary. In fact, I would go so far as to say that any failure to respond would always be arbitrary because it could not have a reasonable basis. Thus, I would create a rule imposing civil penalties in any case in which the custodian fails to notify the person making a request under the Public Records Act of his decision concerning production of the documents within the statutorily required three-day period.
Additionally, I would impose civil penalties, even when the custodian gives proper notification under LSA-R.S. 44:32(D) of his intention to deny a request under the Public Records Law, if that decision is later determined to be unreasonable or arbitrary by a court of law.