Dear Mr. Cox:
You have requested an opinion of this office as to "whether an Alumni Association operating under its own constitution and by-laws is an entity separate and apart from a University and is not subject to laws applicable to Universities, and further is not subject to the public records laws?"
LSA-Constitution Art. 12 § 3 provides the following:
 "No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law."
LSA R.S. 44:1 defines "public body" as:
 "any branch, department, office, agency, board, commission, district, governing authority, political subdivision, or any committee, subcommittee, advisory board, or task force thereof, or any other instrumentality of state, parish, or municipal government, including a public or quasi-public nonprofit corporation designated as an entity to perform a governmental or proprietary function."
LSA-R.S. 44:31 allows for inspection, reproducing or obtaining reproductions of any public record.
Prior to determining whether an alumni association is subject to the public records law, it is essential to determine whether the Alumni Association is a "public body". In State of Louisiana v. Nicholls College Foundation, 564 So.2d 682 (La. 1990), the Supreme Court considered several preliminary questions the answers to which were instrumental to the Court in determining whether a private nonprofit corporation is subject to the public records law. In Guste, the Court found that the Federation, although a private corporation, was a public body for the transaction in question since it accepted public money from a public body in the discharge of its constitutional or legal duties. Therefore, it must disclose records concerning those transactions, including the receipt and expenditure of those funds.
The analysis of the Court was based upon the application of the following criteria to the facts of that case:
 1). Is the entity who received the money a public body?
2). Is the entity who gave the money a public body?
 3). Was the money transferred in furtherance of a Constitutional or legal duty of the giver?
 4). Is the entity receiving the money responsible for using the funds in furtherance of a constitutional or legally endowed responsibility?
As noted by the Court in Guste, "the law favors a liberal construction of the public records law `so to enlarge rather than restrict access to public records by the public.'" Guste citing Lewis v. Spurney 456 So.2d 206 (La.App. 4th Cir.) writ denied, 457 So.2d 1183 (La. 1984) and 458 So.2d 488 (La. 1984).
The Court in Guste found that the Federation was, "because of its close relationship with Nicholls State, a `quasi-public' nonprofit corporation `designated as an entity, to perform governmental or proprietary function' and thus a `public body' for purposes of the Public Records Act." The Court found that the money that was transferred to the Foundation was also public funds because the "central purpose of both organizations is to promote the University." Additionally, the Court held "that the money was given and accepted `under authority of the constitution and the laws of this state' in the furtherance of a governmental purpose."
In conclusion, the Court held "If a private corporation accepts public money from a public body in the discharge of the latter's constitutional or legal duties, it must disclose records concerning those transactions, including the receipt and expenditure of those funds. If those corporations wish to avoid divulging nonpublic receipts and expenditures, they need only maintain separate and distinct books, accounts, and records."
In Attorney General's Opinion Number 91-565, this office addressed the issue of whether student fees collected by the university may be donated to a private foundation having the advancement of the university as its purpose. The author of the opinion found that the proposed fees "would transform SUNO [Southern in New Orleans] Foundation from a nonprofit corporation to quasi-public agency of SUNO. The author found that the student assessment would not violate Louisiana Constitution Article 7, Section 14(A) prohibiting public donations. Therefore, the Foundation would be subject to disclose their records pertaining to these funds pursuant to the public records doctrine.
Considering the above mentioned cases and Attorney General Opinion Number 91-565, the specific facts of each case must be examined to determine whether an Alumni Association operating under its own constitution and by-laws is an entity separate and apart from a University and is not subject to laws applicable to Universities, and further is not subject to the public records laws. Hoping this is to be sufficient information, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pb 0048p