Dear Mr. May:
You have requested an opinion of the Attorney General regarding the applicability of the statutory provisions comprising Louisiana's Public Record Law (Law) as it relates to a management contract executed and entered into by and between the Jackson Parish Hospital (Hospital) and Brim Healthcare, Inc. You state that the editor of a local newspaper has requested a copy of the management contract. The Hospital's Board of Commissioners believes that, should the contract be made public, it could adversely affect the strategic plans and hinder the ability of the Hospital to compete on fair and equal terms with its competitors.
The Law (R.S. 44:1, et seq.) was designed to implement the inherent right of the public to be reasonably informed as to the manner, basis, and reasons upon which governmental affairs are conducted. This application is intended to apply to all public records which are the product of business or transactions conducted by public bodies. It has been consistently held by our jurisprudence that the Law must be liberally interpreted to enlarge, rather than restrict the public's access to public records. Exemptions from disclosure should be narrowly construed as being in derogation of the public's right to know how government affairs are conducted. See Treadway v.Jones, 583 So.2d 119 (La.App. 4th Cir. 1991) and AmocoProduction Co. v. Landry, 426 So.2d 220 (La.App. 4th Cir. 1982) Rehearing Denied.
R.S. 44:1(A)(1) defines "public body" as follows:
 "As used in this Chapter, the phrase `public body' means any branch, department, office, agency, board, commission, district, governing authority, political subdivision or any committee, subcommittee, advisory board, or task force thereof, or any other instrumentality of the state, parish, or municipal government, including a public or quasi-public nonprofit corporation designated as an entity to perform a governmental or proprietary function."
Given the above definition, it is our opinion that the Jackson Parish Hospital, as managed by Brim Healthcare, Inc., remains a public or quasi-public nonprofit corporation designated as an entity to perform a governmental or proprietary function and, therefore, fits within the definition of a public body within the Law. In accord is Attorney General Opinion 86-515-A.
R.S. 44:1(A)(2) provides, with regard to public records, the following:
 "All books, records, writings, accounts, letters, and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct or transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are `public records' except as otherwise provided in this Chapter or as otherwise specifically provided by law."
Given the above definition, it is the opinion of this office that the management contract constitutes a public record unless an exemption can be found in the Law, itself, or in any other statutory or constitutional provision.
A review of the provisions of the Law reveals several exemptions relating to hospital records. R.S. 44:4(17) exempts any records or information required of hospitals by the Department of Health and Hospitals as a condition of hospital licensure. Section 7 contains further exemptions regarding hospital records, none of which appear to be applicable to the management contract. Additional provisions regarding confidential or privileged information are found at R.S. 13:3734, 3715.3, 40:1299.85, 1299.82 and 2017.9, all of which are inapplicable to the issue at hand.
R.S. 46:1071, et seq., comprise laws that were enacted to enhance the ability of hospital service districts to engage in economic joint ventures or to form partnerships to offer integrated healthcare services to the public and, in furtherance thereof, to develop market strategies and strategic plans to effectively compete.
R.S. 46:1073 specifically provides the following:
 "A. In addition to powers and duties otherwise provided and notwithstanding any law to the contrary, a hospital service district may develop marketing strategies for its existing hospital health services or any hospital health service to be provided in the future and may develop strategic plans for the development of any future hospital health service or facility.
 B. Notwithstanding the provisions of R.S. 42:4.1 et seq. or any other law to the contrary, a hospital service district commission may hold an executive session for the discussion and development of marketing strategies and strategic plans.
 C. Notwithstanding the provisions of R.S. 44:1 et seq. or any other law to the contrary, any marketing strategy and strategic plan of a hospital service district and commission and the facility owned or operated by the district shall not be public record and shall be confidential but shall be subject to court subpoena."
As can be seen from the above, any marketing strategy and/or strategic plan of a hospital service district commission and the facility owned or operated by the district is exempt from the Law. In the event that the management contract contained a marketing strategy or strategic plan of the district's commission and/or the facility owned or operated by the district, that segment of the contract could be extracted or deleted from public inspection. The remaining provisions of the management contract would enjoy no exemption and would be subject to public examination.
However, we must advise that we have reviewed the provisions of the management agreement at issue and are of the opinion that the agreement does not appear to constitute a marketing strategy and/or strategic plan. Therefore, it would not appear to be exempt from the Public Records Law.
Should you have any additional questions concerning this matter, please do not hesitate to contact us.
With kindest regards, I am
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/gbe
Honorable Walter E. May, Jr. District Attorney Second Judicial District Jackson Parish Court House Jonesboro, La 71251
Date Received: Date Released:
Robert E. Harroun, III Assistant Attorney General