657 So.2d 755 (1995)
Jeff DORSON
v.
STATE of Louisiana, and Board of Supervisors of Louisiana State University and Agricultural and Mechanical College, et al.
Nos. 94-CA-1591, 95-1040.
Court of Appeal of Louisiana, Fourth Circuit.
June 29, 1995.
*756 Deborah M. Grand, A PLC, Deborah M. Grand, Baton Rouge, for plaintiff-appellant.
Taylor, Porter, Brooks & Phillips, Lloyd J. Lunceford, Baton Rouge, for defendants-appellees.
Before SCHOTT, C.J., and KLEES, ARMSTRONG, PLOTKIN and MURRAY, JJ.
SCHOTT, Chief Judge.
Plaintiff is seeking a writ of mandamus to compel the production of public records under LSA-R.S. 44:1 et seq. of records concerning animals used for medical experiments and also seeking a declaratory judgment that meetings of the Institutional Animal Care and Use Committee (IACUC) of the Louisiana State University Medical Center are subject to the Open Meetings Law, LSA-R.S. 42:4.1 et seq. Defendants are the Medical Center, its Chancellor, Dr. Perry G. Rigby, and the Board of Supervisors of Louisiana State University (LSU). From a judgment dismissing plaintiff's suit he has appealed. We affirm.
In December 1993, plaintiff in his capacity of Executive Director of LISA (Legislation in Support of Animals, Inc.) directed a request to Dr. Rigby to make available for his review under the Louisiana Public Records Law, LSA-R.S. 44:1 et seq., various records concerning the purchase and use of experimental animals including those records maintained by IACUC. In response to this request Dr. Rigby agreed to make available the budgets and annual reports of the Medical Center and its purchase orders concerning experimental animals. He denied the request for IACUC records stating that these were not subject to the Louisiana Public Records Law. As to others he stated that such records either did not exist or the Medical Center did not have custody of them. Plaintiff's suit followed.
In response to the suit defendants admitted that Dr. Rigby was the custodian of the Medical Center's public records but alleged that IACUC was established and functions pursuant to federal law and regulations so that its records and meetings are not subject to Louisiana's Public Records or Open Meetings Law. As to the other records sought by plaintiff, the defendants took the position that they either had already been produced, did not exist, were not in the custody of the Medical Center, or were exempt from the Public Records Law as provided in LSA-R.S. 44:4. Defendants reconvened for attorney fees under LSA-R.S. 44:35(E) and 42:11(C).
The case proceeded to trial largely on the basis of a stipulation of facts which left for resolution at trial only the question of whether IACUC's records were public records within the meaning and intent of the Public Records Law. Testimony from two members of the IACUC consisted for the most part of an explanation of the federal regulations under which they operated.
The Medical Center is an administrative unit of the LSU System located in Baton Rouge and operating under the control of the Board of Supervisors of LSU. The LSU System qualifies as a "research facility" under the provisions of the federal Animal Welfare Act, 7 U.S.C. § 2132(e), and the federal Health Research Extension Act of 1985, 42 U.S.C. § 289d(b)(1). Under both acts each *757 research facility is required to establish a committee to monitor compliance with federal regulations. At LSU that committee is IACUC. Thus, the IACUC was created pursuant to and exists because of federal laws and regulations. It is accountable only to the National Institutes of Health (NIH) and the United States Department of Agriculture. It is not accountable to LSU and its authority is not derived from the LSU Board of Supervisors. If the IACUC determines that a proposed research project involving animal use does not adhere to federal animal use regulations, the project is not considered by the NIH or other governmental agencies for possible federal funding. No LSU or other state official or body has authority to countermand or reverse an adverse finding by the IACUC disapproving a research proposal. If a researcher is turned down by the IACUC, he may appeal to federal officials, not state officials.
With the exception of its chairman, no IACUC member receives compensation for his services as an IACUC member. The chairman is compensated from an "indirect cost pool" that is funded by the federal government.
The IACUC was created by order of the federal government, for the purpose of insuring that federal requirements are met, and is accountable only to federal authorities. No state regulations govern the conduct of IACUC activities. The fact that the entity monitored by the IACUC is a state entity does not change the federal nature of the IACUC.
LSA-R.S. 44:1(A)(2) defines public records as those generated under the authority of the constitution and laws of Louisiana. IACUC's records are generated strictly because of and in accordance with federal laws and regulations. Hence, the very definition of public records under the Public Records Law excludes IACUC records from the purview of the law. Conversely, the federal regulations that control IACUC specifically provide that disclosure of IACUC records is governed by the federal Freedom of Information Act.
Plaintiff makes much over the fact that the members of IACUC are LSU faculty members paid by and for the most part working full time for LSU. The fact remains that their involvement with IACUC is fully regulated by the federal government and not by LSU. With the passage of the Health Research Extension Act and the Animal Welfare Act by the federal government, the federal government has taken full charge of experimentation on live animals for research to the extent it deems necessary in order to insure that the animals are treated humanely. A research facility like LSU cannot experiment on live animals without complying with these federal laws and the regulations implementing them. The extent and content of the records IACUC keeps and which plaintiff seeks to review under our state public records law are dictated by the federal regulations. The custodian of these records is designated by the regulations to be a member of the committee (not Dr. Rigby). The regulations themselves prescribe that disclosure to persons like the plaintiff is governed by the federal Freedom of Information Act, not the Louisiana Public Records Law.
From the foregoing it readily follows that the minutes of IACUC meetings are not public records subject to inspection under LSA-R.S. 44:1 et seq. Neither does IACUC come within the definition of a public body under LSA-R.S. 42:4.2. Although it is a committee functioning within the Medical Center, it is concerned exclusively with laws and regulations of the federal government which created and controls it. Consequently, the Open Meetings Law found in LSA-R.S. 42:4.1 et seq. has no application to IACUC meetings. The members of IACUC, when functioning as such, are not acting as public officials of the state and their business is not state business. They are federal functionaries whose existence and activities are dictated by federal law.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
ARMSTRONG, J., dissents with reasons.
MURRAY, J., dissents for reasons assigned by J. ARMSTRONG.
*758 ARMSTRONG, Judge, dissenting with reasons.
I respectfully dissent.
To determine whether the IACUC is a public body within the meaning of the Public Records Act and the Open Meetings Law, one must start with the definitions of "public body" provided in the statutes themselves. Public Records Act defines "public body" as follows:
As used in this Chapter, the phrase "public body" means any branch, department, office, agency, board, commission, district, governing authority, political subdivision, or any committee, subcommittee, advisory board, or task force thereof, or any other instrumentality of state, parish, or municipal government, including a public or quasi-public nonprofit corporation designed as an entity to perform a governmental or proprietary function.
La.R.S. 44:1.A(1) (emphasis added). The Open Meetings Law defines "public body" as follows:
"Public body" means village, town, and city governing authorities; parish governing authorities; school boards and boards of levee and port commissioners; boards of publicly operated utilities; planning, zoning, and airport commissions; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph.
La.R.S. 42:4.2.A(2) (emphasis added).
Each of the statutory definitions of "public body" is open-ended. That is, each provides that the definition of "public body" is not limited to the types of bodies actually listed in the definition. Specifically, the Public Records Act definition extends to "any other instrumentality" of government, La.R.S. 44:1.A(1), and the Open Meetings Law definition extends to "any other [state or local] authorities ... where such body possesses policy making, advisory, or administrative functions." La.R.S. 42:4.2.A(2).
Furthermore, each of the statutes is subject to rules of liberal construction. In the case of the Open Meetings Law, the statute itself provides for liberal construction:
It is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy. Toward this end, the provisions of R.S. 42:4.1 through R.S. 42:10 shall be construed liberally.
La.R.S. 42:4.1. See generally Spain v. Louisiana High School Athletic Association, 398 So.2d 1386 (La.1981) (statute requires liberal construction of definition of "public body" under Open Meetings Law). As to the Public Records Act, this court has emphasized the need for liberal construction of that statute:
The right of access to public records is fundamental, article 12, Section 3 of the Louisiana Constitution of 1974 provides in pertinent part that: "No person shall be denied the right ... to examine public documents, except in cases established by law." Access to such records can be denied only when a law specifically provides otherwise. Whenever there is any doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right to inspect. Title Research Corp. v. Rausch, 450 So.2d 933 (La.1984). Access to a public record can be denied only when the law specifically and unequivocally provides against access. Harrison v. Norris, 569 So.2d 585 (La.App. 2 Cir.1990), writ denied 571 So.2d 657 (La.1990). The Public Records Law has been liberally interpreted to enlarge rather than restrict the public's access to public records. Exemptions from disclosure should be narrowly construed because they are in derogation of the public's right to know how government affairs are conducted. Lewis v. Spurney, 456 So.2d 206 (La.App. 4 Cir.1984), writs denied 457 So.2d 1183 and 458 So.2d 488 (La.1984).
*759 Elliott v. Taylor, 614 So.2d 126, 128 (La.App. 4th Cir.1993).
The right of access to public records is very strong. Article 12, Section 3 of the Louisiana Constitution of 1974 provides in pertinent part that: "[n]o person shall be denied the right ... to examine public documents, except in cases established by law."
Louisiana citizens have an unequivocal constitutional and statutory right to examine public records. Access to such records can be denied only when a law specifically provides otherwise. Title Research Corp. v. Rausch, 450 So.2d 933 (La.1984).
The Public Records Law must be liberally interpreted to enlarge rather than restrict the public's access to public records. Exemptions from disclosure should be narrowly construed because they are in derogation of the public's right to know how government affairs are conducted. Lewis v. Spurney, 456 So.2d 206 (La.App. 4th Cir.1984), writs denied 457 So.2d 1183 and 458 So.2d 488 (La.1984).
Treadway v. Jones, 583 So.2d 119, 121 (La. App. 4th Cir.1991). Accord Guste v. Nicholls College Foundation, 564 So.2d 682, 686-87 (La.1990); Amoco v. Landry, 426 So.2d 220, 222-23 (La.App. 4th Cir.1982), writ denied, 433 So.2d 164 (La.1983).
The Supreme Court, interpreting the statutory definitions of "public body" with the rules of liberal construction of the statutes that must be applied to those statutory definitions, has applied the two statutes to bodies other than traditional governing bodies of state and local government. See Guste v. Nicholls College Foundation, 564 So.2d 682 (La.1990) (alumni organization that, as a practical matter, had a "close affiliation" with state university held to be public body within meaning of Public Records Act); Spain v. Louisiana High School Athletic Association, 398 So.2d 1386 (La.1981) (private, voluntary organization to which both private and public schools belonged, and to which state boards sent representatives, held to be public body within meaning of Open Meetings Law).
Also, the burden of proof is upon the defendants. The Public Records Act places the burden upon the record custodian (in the present case, Dr. Rigby) to prove the non-applicability of the statute La.R.S. 44:35.B. In view of the Open Meetings Law's express requirement of liberal construction (i.e. in favor of disclosure), La.R.S. 42:4.1, I believe that it is appropriate to place the burden of proof on the defendants as to that statute as well. At trial, the defendants expressly acknowledged that they had the burden of proof.
The chief executive officer of the research facility (the LSU System) appoints the members of the IACUC committee. 7 U.S.C. § 2143(b)(1); 9 C.F.R. 2.31(a). The federal statutes and regulations do not themselves establish IACUC committees but, instead, require the research facilities to establish IACUC committees. 7 U.S.C. § 2143(b)(1) ("The Secretary [of Agriculture] shall require that each research facility establish at least one [IACUC] committee."); 9 C.F.R. § 1.1 (definition of "Committee") ("The research facility shall establish the [IACUC] Committee[.]").
The record reflects that at least two members of the IACUC, including its chairman, are regular full-time salaried state employees employed at LSUMC. The defendants' brief concedes that "several" members of the IACUC are state employees. These state employees receive no extra compensation for serving on the IACUC.
Further, the record reflects that the IACUC's business is conducted on LSUMC's premises. The IACUC's records, the very records at issue, are located at LSUMC. The IACUC concerns itself solely with research at LSUMC and not with research at any other institution public or private.
The applicable federal statutes and regulations, which are cited and discussed above, do not provide that IACUC committees will have any federal officials or employees as members or that IACUC committees will receive any federal funds or use any federal facilities, personnel, equipment, supplies or other federal support. It appears that the federal government's sole involvement with IACUC committees is to receive information and, sometimes, recommendations prepared by the IACUC.
*760 The above-described very substantial involvement of the state (i.e. the LSU System and LSUMC) in the IACUC, like the state and local government involvement with the bodies at issue in the Supreme Court's Nicholls College Foundation and Spain decisions, is sufficient to render the IACUC a public body within the meaning of the Public Records Act and the Open Meetings Law. The legal establishment of the IACUC by a state institution, the appointment of the IACUC's members by an official of a state institution and the inclusion of state employees as members of the IACUC all result in a substantial degree of state control over the IACUC. The conduct of the IACUC's business on state premises, as well as the IACUC's exclusive concern with research at a state institution, also are indicative of the state's great interest in and involvement with the IACUC. Thus, I believe a finding that the IACUC is a public body subject to the Public Records Act and the Open Meetings Law would be consistent with the statutory definitions of "public body," the rules of liberal construction of the two statutes and the Supreme Court's caselaw as to the meaning of "public body" in the two statutes.