JaSCHOTT, Chief Judge.
This is an appeal by Numa Bertel, Director of the Orleans Indigent Defender Program (OIDP), from a judgment ordering him to give plaintiff the records he requested pursuant to the Public Records Law, LSA-R.S. 44:1 et seq. The sole issue is whether OIDP is a public body subject to the Public Records Law. We affirm.
On December 12, 1995, plaintiff requested certain documents for his review and inspection from Bertel as Director of the OIDP. Included in this request were: weekly time schedules for Thomas Williams (an investigator for OIDP); the “closed cases” that Williams had worked, including the name of the staff attorney, defendant’s name, and case number from May 1995 to present; any regulations as to outside employment, residence, and the use of public property for personal use; any regulations manual, policy, or procedure concerning employment; any policy concerning the use of “public property and/or stationary” for personal use; whether their agency was in compliance with the “Louisiana Division of Administrative Policy and Procedure Manual” as well as R.S. 42:1461; documentation covering the travel and education expenditures for Bruno & Ter-valon budgeted at $4200.00, but coming in at $5997.00; justification of the 1996 proposed travel and education budget of $15,000.00; and insurance documents, policies, etc. that are afforded to ^employees at a cost of $66,-590.00.
Bertel did not respond to the request; consequently, plaintiff requested these records on January 9, 1996. Bertel again did not respond. On January 13, 1996, plaintiff *301 filed a Petition to Compel Compliance with the Public Records Law against Bertel.
R.S. 44:1 A(l) defines a “public body” as any office, agency, board, or any other instrumentality of state, parish, or municipal government designated as an entity to perform a governmental or proprietary function. All records having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, work, duty or function which was conducted, transacted or performed by or under the authority of the constitution or laws of this state are “public records,” except as otherwise provided in this chapter or as otherwise specifically provided by law. R.S. 44:1 A(2).
OIDP is an agency mandated by Art. 1, § 13 of the state constitution (“The legislature shall provide for a uniform system for securing and compensating qualified counsel for indigents.”) and created by state statute, R.S. 15:144, that performs a governmental or proprietary function. Thus, it is a public body and its records are public records.
OIDP’s primary argument is that the state does not directly finance OIDP, but the supervision and financing come through the judiciary, rather than the legislative or executive branches.
Article 1, § 13 of the Louisiana Constitution by its terms does not compel the legislature to fund the indigent defender system, but merely to “provide for a uniform system.” R.S. 15:146 sets up a mechanism for local funding of the individual district’s indigent defender system. This provision creates a system whereby almost all of the funds for indigent defense come from erimi-nal Uviolation assessments. The statute directs almost all of Louisiana’s courts of original criminal jurisdiction to remit a certain amount to a judicial district indigent defender fund. Although the state does not directly finance OIDP, it does provide a means of funding. Moreover, R.S. 44:1 does not include funding as a component in the definition of a public body.
OIDP further argues that declaring that their records are public would place a burden on the defense which the prosecution could utilize to its advantage, and in some cases would conflict with attorney/client privilege. However, the legislature has provided a means for the custodian to resolve this problem. If there is a question as to whether a requested record is public record, the custodian must make a determination and notify the person requesting the record of its determination and the reasons therefor within three business days. R.S. 44:32(D).
Article 12, § 3 of the Louisiana Constitution provides in pertinent part that: “[n]o person shall be denied the right ... to examine public documents, except in eases established by law.” The constitutional and statutory right to examine public records can be denied only when a law specifically provides otherwise. Neither Louisiana jurisprudence nor the Louisiana Public Records Law provides an exception for a state-run defender program. Thus, OIDP’s records are subject to disclosure.
The Public Records Law must be liberally interpreted to enlarge rather than restrict the public’s access to public records. Exemptions from disclosure should be narrowly construed because they are in derogation of the public’s right to know how government affairs are conducted. Treadway v. Jones, 583 So.2d 119 (La.App. 4th Cir.1991).
Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.