Dear Mr. Kennedy:
This office is in receipt of your request for an opinion of the Attorney General in regard to the necessity of retention of records by the 35th Judicial District Indigent Defender Board. You indicate the Indigent Defender Board does not have space for record storage, and you ask what period of time the following records must be retained:
 Individual case files;
 Bookkeeping records, including invoices, bank statements cancelled checks;
 Correspondences;
 Minutes of meetings of the board.
First we note that the court has declared that the indigent defender program is a public body subject to the public records law, Denoux v.Bertel, 682 So.2d 300, (La.App. 4 Cir. 1997). R.S. 44:1(A)(2) sets forth the materials designated as "public records" as follows:
 All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records," except as otherwise provided in this Chapter or as otherwise specifically provided by law.
R.S. 44:36 provides that public records shall be preserved in accordance with a retention schedule adopted by the state archivist and director of the division of archives, records, management, and history of the Department of State, but in absence of the adoption of such a schedule, the records must be preserved and maintained for a period of at least three years from the date on which the public record was made,
In an attempt to answer your inquiry with regard to the retention schedule by the state archivist, this office contacted the Records Center for the State Archives, and was advised to have you contact them with regard to the records in question. The party that they advised you should contact is Ms. Claudia Normand, Records Manager Officer, at 225-922-1200. This office was told she can assist you with a determination as to the retention schedule adopted by the state archivist relative to records of concern to you, and whether the schedule is something other than three years.
Inasmuch as your inquiry results in part from a concern of the space required for the retention of your records, your attention should be given to R.S. 44:39 which permits public bodies having custody of public records to utilize "any appropriate form of micrographic process, or an electronic digitizing process capable of reproduction an unalterable image of the original source document * * * in order to maintain efficient and economical records management programs and to conserve storage space". As further provided therein, all microforms produced must comply with standards established by the division of archives, and any electronically digitized copy, when satisfactorily identified, shall be deemed to be an original itself.
Also, we find it pertinent to recognize that in accordance with R.S.44:407 the state archivist is authorized to make surveys of government records and records management and disposal practice of state and local governmental agencies, and on the basis of information obtained, promulgate policies to produce improved records management practices. It specifically provides for regulations for state and local agencies "including the central storage or disposition of records not needed by such agencies for their current use."
In response to your request in regard to bookkeeping records we note that Atty. Gen. Op. 78-459 stated that "invoices, cancelled checks, payroll records, and customer billing records are public records." However, for your correspondence, we find Atty. Gen. Op. 96-393 pertinent. This office stated that correspondence between adjusters and attorneys, communications relating to opinions and recommendations are exempt from disclosure, and remain confidential under the attorney-client privilege and the work product rule.
With regard to the minutes of the board meetings, this office stated in Atty. Gen. Op. 97-397 in response to a request by the 29th Judicial District Indigent Defender Board that R.S. 42:7 mandates only that the minutes be made available within a reasonable time after the meeting, and the minutes be prepared in a presentable manner for review. While R.S. 42:7.1 does not require the public body to publish these minutes, R.S.43:171 was found applicable in mandating "political subdivisions of the state and parishes shall have the proceedings of their board and such financial statements required by and furnished to the legislative auditor published in a newspaper". This office has consistently determined that indigent defender boards are governing bodies of political subdivisions and have the same general obligations and privileges as political subdivisions. Therefore, it was concluded "an indigent defender board would be required to publish the minutes of its proceedings pursuant to R.S. 43:171."
We find Atty. Gen. Op. 91-98 pertinent in regard to individual case files as follows:
 In view of the foregoing, it is suggested that prior to allowing the press to examine the closed files, all documents contained therein be examined. Information that should be freely divulged are pleadings, discovery (if not under protective order) judgments, briefs, court memoranda, final settlement documents, and the total costs incurred in defending the suit. On the other hand, investigatory reports, case assessments, reserves, letters between the attorneys and the client dealing with the issues of liability, settlement or quantum, incident reports, personnel records, deposition summaries which contain the attorney's evaluation, and expert opinion reports which have not been made available to plaintiff's counsel are not subject to the Public Records Law.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr