KARL KOCH
v.
HONORABLE H. CHARLES GAUDIN, CHAIRMAN OF THE LOUISIANA GAMING CONTROL BOARD.
No. 2007 CA 0671.
Court of Appeal of Louisiana, First Circuit.
November 7, 2007.
NOT DESIGNATED FOR PUBLICATION.
KARL J. KOCH, Plaintiff/Appellant in proper person
THOMAS A. WARNER, III, Attorney for Defendant/Appellee, Honorable Charles Gaudin in his Capacity as Chairman of Louisiana Gaming Control Board.
C. LAWRENCE ORLANSKY, MICHAEL W. MCKAY, KATHRYN M. KNIGHT, Attorney for Intervenors/Appellees, Pinnacle Entertainment, Inc. PNK Development 8, L.L.C., and PNK Development 9, L.L.C.
Before GAIDRY, McDONALD and McCLENDON, JJ.
McDONALD, J.
This appeal was filed following a judgment from the Nineteenth Judicial District Court denying plaintiff access to documents alleged to be public records subject to disclosure. For the following reasons, the judgment of the trial court is affirmed.
Appellant, Karl J. Koch (Koch), submitted a public records request to the Gaming Control Board of the Office of the Attorney General (Board) for all parts of the application of Pinnacle Entertainment, Inc. (Pinnacle) seeking permission to berth a new riverboat casino in East Baton Rouge Parish. The Board responded that some of the documents requested were confidential under the provision of La. R.S. 27:21.A.2 and statutorily prohibited from disclosure, but provided copies of all other requested documents.
Koch wrote to the Board requesting reconsideration of its decision to withhold from inspection some of Pinnacle's application, and additionally requesting all correspondence between the Board and Pinnacle relating to their proposal to locate a riverboat casino within East Baton Rouge Parish, and any records of the Board pertaining to the decision to withhold any portion of Pinnacle's application. The Board advised that after consultation with the Attorney General's office and careful review of the documents deemed confidential, it had determined that the requested documents were prohibited by law from disclosure, but provided fourteen pages of documents pertaining to "communications addressing whether any portions of Pinnacle's application should be withheld from public disclosure" as requested by Koch.
Shortly thereafter, Koch filed a petition in district court seeking a mandamus directing the Chairman of the Board to produce Pinnacle's entire application and also to be ordered to pay costs of the proceedings. The Board filed a motion for an in camera inspection of the withheld confidential documents, which was ordered by the trial court. Exhibit A, a drawing of the berth site, exhibit D, the source and staffing plan for the Baton Rouge project, and exhibit F, an economic impact report, were submitted to the trial court under seal.
After inspection of the confidential documents by the trial court and hearing on the matter, judgment was rendered ordering that Koch be allowed to inspect exhibit D, but that exhibits A and F were proprietary and should not be disclosed to the public. Koch appeals this judgment alleging two assignments of error: (1) the District Court erred in finding that the custodian of the record met his burden of proving that the materials at issue were not disclosable public records and (2) the District Court erred in declining to award plaintiff court costs.
Koch argues correctly that the right to public records in Louisiana is both constitutional and statutory, and there is a strong presumption in favor of the public's right to view governmental records. He also notes that La. R.S. 44:31B(3) provides that the burden of proving that a public record is not subject to inspection, copying, or reproduction shall rest with the custodian, and asserts that by not introducing evidence at the hearing, the custodian of the Board's records failed to meet his burden of proof.
The records of the Board are deemed open to public record disclosure with statutory exceptions. Louisiana Revised Statute 27:21A(2) provides that a record of the board shall be confidential when the record relates to certain enumerated information, which the Board found applicable to some of the information requested by Koch. The issue before the trial court was whether the Board was correct in maintaining the confidentiality of the requested records. After inspection of the documents at issue, the trial court concluded that the Board had properly exercised its authority in accordance with the legislative mandate and that some of the records were confidential. We agree with the Board that the documents are the best evidence of their confidentiality, and do not find any error in the conclusion reached by the trial court.
Koch further argues that since he was successful in forcing disclosure of information that was improperly withheld from the public, the financial burden associated with the proceeding should not be assigned to him, a citizen who was forced to resort to the courts for vindication of a right. We find his argument persuasive; however, the trial court determined that each party should bear its own costs. The relevant statute, La. R.S., 44:35D, provides:
If a person seeking the right to inspect or to receive a copy of a public record prevails in such suit, he shall be awarded reasonable attorney's fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney's fees or an appropriate portion thereof.
In this matter, Koch has prevailed in part. In accordance with the statute, the trial court may exercise its discretion to award reasonable attorney's fees, but the statute makes no reference to costs.
Koch relies on Lewis v. Spurney, 456 So.2d 206 (La. App. 4th Cir. 1984), wherein partial access to records was ordered by the appellate court, but all costs in the trial and appellate courts were assessed to the defendant. The distinction, however, is that in Lewis the trial court found that the defendant was not required to disclose any records and dismissed the suit. The fourth circuit reversed, finding that some of the requested information was subject to the public records law and had to be disclosed, and ordered the defendant to pay all costs. In the matter before us, the trial court ordered the release of some of the requested information and we are affirming its decision. We find no basis to reverse the trial court's assessment of costs.
The judgment of the trial court is affirmed and this opinion is issued in accordance with Uniform Rules, Courts of Appeal, Rule 2-16.1B. Costs of this appeal are assessed to Karl J. Koch.
AFFIRMED.