426 So.2d 220 (1982)
AMOCO PRODUCTION CO., Columbia Gas Development Corp., Energy Ventures, Inc., Columbia Gulf Transmission Co., Diamond Shamrock Corp., Elf Aquitaine Oil & Gas, Forest Oil Corp., Cabot Corp., Northern Michigan Exploration Co., Sun Oil Co., and Sun Pipe Line Co., (Petitioners-Appellants),
v.
Paul L. LANDRY, Executive Secretary of the La. Board of Professional Engineers and Land Surveyors, (Defendant-Appellee), and
Hosea Ware Bailey, Charles Leonidis Graves, Robert Kenneth Richie, Henry Robert Reeves, and McDermott Inc., (Intervenors-Appellees).
No. 13299.
Court of Appeal of Louisiana, Fourth Circuit.
December 1, 1982.
Rehearing Denied February 24, 1983.
*221 Phillip A. Wittmann, Sarah S. Vance, Steven W. Usdin, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, for petitioners-appellants.
Jarrell E. Godfrey, Jr., L. Havard Scott, III, Andrew Rinker, Jr., Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, for defendant-appellee.
Harry A. Rosenberg, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for intervenors-appellees.
Before SCHOTT, LOBRANO and AUGUSTINE, JJ.
LOBRANO, Judge.
Appellants, Amoco Production Co. and a number of other oil companies appeal from a judgment of the trial court denying their petition for mandamus. Appellants sought to compel the Louisiana Board of Professional Engineers and Land Surveyors ("the Board") to allow inspections of certain alleged public documents pursuant to LSA-R.S. 44:1 et seq. (the Public Records Law). The documents in question consist of the records of disciplinary hearings before the Board involving Brown & Root, Inc. ("Brown & Root"), McDermott, Inc. ("McDermott") and certain executives of these two companies. These executives entered the suit as intervenors, opposing release of the documents.
We reverse and enter a writ of mandamus in favor of appellants ordering and directing appellees to allow examination and inspection of the subject records which we find and declare to be public documents as defined in the Public Records Act. La. R.S. 44:1 et seq.
Appellees argue that the Board conducted its hearing after representing to intervenors that the hearing would be conducted in private pursuant to LSA-R.S. 37:700 (E).[1]
*222 They urge that that provision creates a viable exception to the Public Records Act.
The facts are undisputed and were stipulated to by the parties at the trial. On or about July 21, 1980, the Board convened hearings in Orleans Parish to consider possible disciplinary actions against Brown and Root, Inc. and J. Ray McDermott Co. and certain engineers employed by them in connection with their conviction on pleas of nolo contendere to charges of antitrust violations and mail and wire fraud in the matter entitled United States v. J. Ray McDermott Co., et al., Criminal No. 78-422 (E.D.La. filed May 14, 1978). Each of the hearings was conducted in private upon the written request of the persons or firms concerning whom the hearing was convened. At said hearings, briefs were submitted and affidavits were filed on behalf of the participants, testimony was heard, and transcripts of the entire proceedings were prepared in each case.
Subsequent to the hearings referred to herein, the Board took final and binding actions concerning the possibility of disciplinary actions against Brown & Root, McDermott and certain of their employees. In a letter dated August 7, 1981, appellants' attorney requested that the Board allow them to inspect and copy the records relating to the hearing referred to above. On August 19th, appellants were informed by letter that this request was being refused. Appellants then sought a writ of mandamus to compel the Board to produce for inspection the document. It is from the denial of that mandamus that this appeal is taken.
LSA-R.S. 44:1 defines public records as follows:
"All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies duplicates, photographs, including microfilm or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or other of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records," except as otherwise provided in this Chapter or as specifically provided by law." In this case, the hearings of the Board were conducted pursuant to the statutory authorization contained in La.R.S. 37:681 et seq., which empowered the Board to revoke and suspend licenses of registered engineers for certain enumerated causes after notice and hearing. These hearings were therefore "conducted, ... under the authority of the... laws of this State." See La.R.S. Sec. 44:1, supra. Thus, the records, writings, accounts, recordings, etc., of the hearings in question are public records within the above definition, unless exempted by Chapter 1 of Title 44 or otherwise specifically exempted by law. Id.
The Public Records Law must be liberally construed so as to enlarge rather than restrict access to public records by the public. This law covers virtually every kind of material or information which is recorded for use in the performance of any public function. Webb v. City of Shreveport, 371 So.2d 316 (La.App. 2nd Cir.1979). See also Loewenwarter v. Henry M. Morris, Superintendent of New Orleans Police Dept., Civil Action No. 0180, (4th Cir. Oct. 12, 1982), writs denied. It also necessarily follows that any exemption to the Public Record Law is in derogation of the public's right to be reasonably informed as to the manner, *223 basis and reasons upon which governmental affairs are conducted, and therefore must be interpreted narrowly. Lowenwarter, supra. Appellees argue that LSA-R.S. 37:700(E) is an exception to the Public Records Act. We disagree.[2] Although LSA-R.S. 37:700(E) provides that a license revocation or suspension hearing would be held in private at the request of the licensees, there is no mention of the Public Records Law in that statute, much less a specific exemption from its provisions. To read such an exemption into the Public Records Law would be contrary to the strong public policy of that statute which recognizes that the public's right to be informed is of fundamental importance. Art. 12, Sec. 3 of the Louisiana Constitution reads in pertinent part:
"No person shall be denied the right to... examine public documents, except in cases established by law."
Appellees also contend that the appellants have no right of action to inspect public records on the theory that the Public Record Law limits the right of inspection to natural persons. They base this argument on the statutory language providing that "any person of the age of majority may inspect, copy or reproduce" any public record. They argue that by the use of the words "age of majority" in the statute, the legislature intended to deny corporations the right to inspect public records.
This contention lacks merit. LSA-R.S. 1:10 provides,
"Unless it is otherwise clearly indicated, the word person includes a body of persons whether incorporated or not."
It is well settled that when the word "person" is used in a statute, the statute applies to corporations as well as to natural persons "if such corporations fall within the reason and purpose of the provisions of the act." Hays v. Louisiana Wildlife and Fisheries Commission, 165 So.2d 556 (La.App. 1st Cir.1964) at 565. We find no basis in law or policy for the contention that a corporation, which pays taxes and is subject to regulation by public bodies, does not have a right to inspect the records of these bodies on the same footing as individuals. Corporations are clearly within the reason and purpose of the Public Records Act and are entitled to invoke its provisions.
Additionally appellees (Intervenors) argue that the release of the requested information would violate their right of privacy provided for in Art. I, Sec. 5 of the La. Constitution. This section of the Constitution provides in pertinent part:
"Every person shall be secure in his persons, property, communications, houses, papers and effects against unreasonable searches, seizures or evasion of privacy."
The only reported Louisiana decision holding public records exempt from disclosure based on claims of privacy is Trahan v. Larivee, 365 So.2d 294 (La.App. 3rd Cir. 1978), which held that performance evaluations in the personnel files of municipal employees were private. Such performance evaluations are readily distinguishable from the records sought in the instant case. The performance evaluations were not compiled by the City in connection with formal hearings held concerning these employees, nor were the employees charged with any misconduct. They were not records of any formal proceedings by the City, but were records of a nature any private employer would maintain on its employees. The records that appellants seek in the case before us are records of formal proceedings of the Board conducted in the exercise of its statutory function to discipline license engineers. Thus there could be no reasonable expectation of privacy by the appellees.
For the above and foregoing reasons the judgment of the trial court is reversed and judgment rendered herein in the form of a writ of mandamus, ordering, directing and commanding the Honorable Paul L. Landry, Executive Secretary of the La. Board of Professional Engineers and Land Surveyors *224 to permit and allow appellants to examine and inspect the documents involved in this litigation, pursuant to the provisions of LSA-R.S. 44:1 et seq., immediately upon finality of this judgment. All costs for which appellees are amenable in law shall be paid by appellees.
REVERSED AND RENDERED.
NOTES
[1] La. 37:700(E), prior to its repeal in 1980, provided:

"Before the board shall suspend or revoke the registration of any registered professional engineer or land surveyor as provided in Sub-section B of this Section, it shall conduct a hearing as provided hereinbelow. Such hearing shall be public, unless the registrant requests in writing that it be private."
[2] Since we hold that LSA 37:700(E) does not create an exception to the Public Record Law it is not necessary to address the issue of whether 37:700(E) was repealed by the open meeting Law, LSA-R.S. 42:6, 42:6.1, 42:5.