Dear Ms. Morris:
Your request for an opinion of the Attorney General was forwarded to me for research and reply. As I appreciate it, your question is as follows:
 Under La. R.S. 44:1 et seq., is a student newspaper entitled to receive initial police reports involving crimes committed on campus?
No Louisiana case could be found which directly answers this question. However, the general jurisprudence under La. R.S. 44:1 et seq. indicates that student newspapers should have access to initial police reports of campus police departments unless otherwise specifically excepted by law. In pertinent part, La. R.S. 44:3 provides:
 . . . [t]he initial report of the officer or officers investigating a complaint . . . shall be a public record.
Moreover, La. Const. art. 12, § 3 (1974) provides in pertinent part:
 No person shall be denied the right to . . . examine public documents, except in cases established by law.
The guiding principle of interpreting the Louisiana Public Records Law is that it should be liberally construed to extend rather than restrict a person's access to public records. See Bartels v. Roussel, 303 So.2d 833
(La.Ct.App. 1st Cir. 1974), writ denied 307 So.2d 372 (La. 1975). Additionally, the purpose of the law is to comply with ". . . the inherent right of the public to be reasonably informed as to the manner, basis and reasons upon which governmental affairs are conducted. See Trahan v. Larivee, 365 So.2d 294 (La.Ct.App. 3d Cir. 1978), writ den. 36 So.2d 564
(La. 1979), holding that while a city's employee performance ratings were public records, their release would violate the employee's right of privacy under La. Const. art. 1, § 5.
This office is of the opinion that under La. R.S. 44:3 an initial police report issued by a public university's police department would be a public record available to all persons including the student newspaper. This opinion is consistent with previous opinions of this office. See A.G.O. No. 77-760, holding that public access to all criminal history including non-conviction data is allowed unless the material is explicitly privileged; and A.G.O. No. 90-299, holding that the disclosure of students' names from enrollment lists of Louisiana's colleges to the U.S. Department of Justice for criminal prosecution for failure to register for the draft was not an unreasonable invasion of the student's right of privacy.
As Trahan, supra, illustrates, although a record may be deemed a public record and therefore available for public inspection, such disclosure may be denied if that would be an unreasonable invasion of the person's privacy. However, because police departments routinely release the names, addresses, and other basic information concerning those adults arrested for crimes, society would not have any objective expectation of privacy that this type of information would not be released. Furthermore, in Amoco Production Co. v. Landry, 426 So.2d 220 (La.Ct.App. 4th Cir. 1982), writ den. 433 So.2d 164 (La. 1983), the Fourth Circuit distinguished the Trahan holding to allow the disclosure of disciplinary hearing records during which two companies and their engineers pleaded nolo contendere on criminal charges. The Fourth Circuit reasoned that Trahan did not involve employees who were charged with misconduct, unlike the affected employees in this case, and therefore, the latter had no reasonable expectancy of privacy that such information would not be released.
While such a disclosure should be allowed under Louisiana law, the federal Family Education Rights And Privacy Act (generally referred to as the Buckley Amendment) as it now stands would technically prohibit the direct disclosure of arrest information, according to Susan Winchell, an attorney with the U.S. Department of Education, Office of General Counsel. Ms. Winchell, however, advised that a proposed amendment to this act is scheduled to be presented to both houses of Congress this fall, and passage is expected. Additionally, Ms. Winchell said no school has had funds revoked for violating the act, and that before such is possible, the institution would need both a violation of the act and a failure to ensure voluntary compliance. Moreover, the institution may disclose arrest information to the law enforcement agency with jurisdiction, and that agency could thereby release said information to the public without violating the Buckley Amendment as it now stands.
Therefore, under Louisiana law, clearly the answer is that a student newspaper is entitled to initial police reports of a campus police department. For guidance on how you should handle this matter under federal law, I suggest that you contact Susan Winchell at the U.S. Department of Education in Washington, D.C.
I hope that this opinion adequately addresses your question.
With kind regards, I am
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: KATHLEEN E. PETERSEN Asst. Attorney General
KEP/bb-1990e
cc: Dr. G. Warren Smith, President Southeastern Louisiana University
 Mr. Paul R. Marek, Director Southeastern Louisiana University Police