Dear Mr. Davidson:
As Attorney for the East Side Fire Protection District No. 5, you have requested an opinion of this office concerning video and audio recordings produced by the District's security system. Specifically, you ask: (1) "Given that the visual and audio recordings produced by the various cameras are for security purposes only, and it is not in the District's best interest to divulge the location of these cameras, are the video and audio recordings produced by the District's security system subject to release pursuant to a public records request under LSA-R.S. 44:32
(as amended) or LSA-R.S. 42:8 (providing for recordings of public meetings), and/or any other statute?" (2) "If your opinion is that security camera footage is subject to production pursuant to a public record request, may the District preclude production of such security camera recording for executive sessions under LSA-R.S. 42:6 et seq.?"
LSA-R.S. 44:1(A)(2) states, "All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records", except as otherwise provided in this Chapter or the Constitution of Louisiana."
Though LSA-R.S. 44:3A(3) provides, "Records containing security procedures, investigative training information or aids, investigative techniques, investigative technical equipment or instructions on the use thereof, or internal security information" are not subject to a public records request, this section of the statute, however, would not be applicable in this case. The reason this statute does not apply here is LSA-R.S. 44:3A, which limits the scope of LSA-R.S. 44:3 to the "offices of the attorney general, district attorney, sheriffs, police departments, Department of Public Safety, marshals, investigators, correctional agencies, or intelligence agencies of the state." The East Side Fire District clearly does not fall within the categories listed above. Furthermore, the court, in Amoco Production Co. v. Landry,426 So.2d 220, (La.App. 4 Cir. Dec. 01, 1982), provided, "The Public Records Act must be liberally construed so as to enlarge rather than restrict access to public records by the public." Therefore, we conclude that the recordings produced by the security system are subject to release pursuant to a public records request.
As to your second question concerning recordings for executive sessions, LSA-R.S. 42:6 and 6.1 provide that these sessions may be closed to the public. Furthermore, LSA-R.S. 44:4.1B(25) cites LSA-R.S. 42:6.1 as one of the exceptions, exemptions and limitations to the laws pertaining to public records. Therefore, any recordings of an executive session would not be subject to a public records request.
In conclusion, we are of the opinion that audio and video recordings are subject to release pursuant to a public records request. However, recordings of an executive session fall within the scope of exceptions to public records and are not subject to release.
I believe the above opinion has answered your questions. Should you have any further questions, feel free to contact this office.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
By: ___________________________
 CHARLES H. BRAUD, JR. Assistant Attorney General
CCF, Jr./CHB, Jr./jm