Dear Representative Schneider:
This office is in receipt of your request for an opinion of the Attorney General regarding the following question:
 Are applications for licenses as retail and wholesale dealers in alcoholic beverages and the materials related to such applications as well as the results of audits and investigations of applicants and licensees public records subject to the Louisiana Public Records Act?
We first note that the Office of Alcohol and Tobacco Control is an administrative unit of the Department of Revenue. See R.S.26:791.[1]
Your question prompts review of the Louisiana Public Records Law, R.S. 44:1, et seq., and applicable constitutional authority. LSA-Const. Art. 12, § 3 (1974) states:
 § 3. Right to Direct Participation
 Section 3. No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law. Citing LSA-Const. Art. 12, § 3, the Louisiana Supreme Court in Title Research Corp. vs. Rausch, 450 So.2d 933 (La. 1984) stated:
 The right of the public to have access to the public records is a fundamental right, and is guaranteed by the constitution. La. Const. art. 12, § 3. The provision of the constitution must be construed liberally in favor of free and unrestricted access to the records, and that access can be denied only when a law, specifically and unequivocally, provides otherwise. Id. Whenever there is doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public's right to see. To allow otherwise would be an improper and arbitrary restriction on the public's constitutional rights. Title Research Corp, supra, at page 936; (Emphasis added).
The Office of Alcohol Beverage Control is required to disclose those records which are maintained by that office which constitute a "public record", as defined by LSA-R.S. 44:1, etseq., providing:
 All books, records, writings, accounts, letters, and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers. . . . having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business. . . . performed by or under the authority of the constitution or laws of this state. . . . R.S. 44:1
(A)(2).
While the wholesale and retail applications are considered "public records" for purposes of the public records law, there are certain statutory exceptions which exempt certain information from public disclosure. In Title 44 of the Louisiana Revised Statutes, the legislature has delineated the exclusive exceptions to the right of the public to examine public documents. LSA-R.S.44:4.1 provides, in part:
 A. The legislature recognizes that it is essential to the operation of a democratic government that the people be made aware of all exceptions, exemptions and limitations to the laws pertaining to public records. In order to foster the people's awareness, the legislature declares that all exceptions, exemptions and limitations to the laws pertaining to public records shall be provided for in this Chapter or the Constitution of Louisiana. Any exception, exemption and limitation to the laws pertaining to public records not provided for in this Chapter or in the Constitution of Louisiana shall have no effect.
(Emphasis added.)
An examination of the information contained in both the wholesale and retail applications reflects such information as name, address and ownership interest of the applicant, the applicant's social security number, and questions such as the following:
 Have you or your spouse ever been convicted of a felony?
 Have you or your spouse ever been convicted of soliciting for prostitution, pandering, letting premises for prostitution, contributing to the delinquency of juveniles, keeping a disorderly place, or dealing in narcotics?
 Have you been convicted or had a judgment against you involving alcoholic beverages by the United States, Louisiana, or any other State within two years prior to submission of this application?
Information on an application pertaining to data related to pending or anticipated criminal litigation is exempted from disclosure. See R.S. 44:3.[2] Information submitted by an applicant concerning his expunged criminal records is exempted from disclosure pursuant to R.S. 44:9.[3] Information regarding juvenile records are exempt from disclosure. See LSA-Ch. C. Arts. 404, and 412,[4] adopted by reference in R.S. 44:4.1(B)(35).
Note that social security numbers are confidential under federal and state law; see42 U.S.C. § 405(c)(2)(C)(vii)(I)[5] and R.S. 47:1508. The federal I.D. number, or date of birth of the applicant is within the scope of the privacy interest protected as confidential by R.S. 47:349[6] and 47:1508[7] [both provisions adopted by reference in R.S. 44:4.1(B)(28)], and not subject to disclosure. See Attorney General Opinion 90-594.
Note that R.S.R.S. 47:1508, governing the Department of Revenue (and the Office of Alcohol Beverage Control) and entitled "confidential character of tax records", does in fact prohibit the disclosure of confidential taxpayer information, with limited exceptions. A violation of the nondisclosure requirement is punishable by imprisonment for not more than two years and/or a fine of not more than ten thousand dollars. See R.S.47:1508(C).[8]
Legislative intent to protect the taxpayer is reflected in the provisions of the public records act, which specifically exempts from the requirement of disclosure "any tax return or the information contained in any tax return". See R.S.44:4(1).[9]
Further, the Office of Alcohol Beverage Control is governed by R.S. 26:791, providing:
 § 921. Public records
 The commissioner shall maintain a list of all wholesale and retail dealers who hold a permit in this state. Nothing contained in this Chapter shall be construed to prevent the commissioner from disclosing to any person upon request the name and address of any dealer who holds a permit, but the commissioner shall not disclose any tax information the disclosure of which is otherwise prohibited by law. (Emphasis added); [also adopted by reference in R.S. 44:4.1(B)(13)].
Additional information considered confidential are the records of private individuals, companies or corporations which the Office of Alcohol Beverage Control may have access to or possession of during the course of a routine investigation. These records are not subject to the public records law, where the records remain in the custody of the private individual, company or corporation. See R.S. 44:4;[10] see also Attorney General Opinion 93-12 and Op.Atty.Gen., 1942-44, p. 1322, copies attached.
All other information appearing on the application is generally deemed non-privileged and subject to disclosure.
You also inquire as to the confidentiality of audits and investigations of applicants and/or licensees. Note that the Office of Alcohol Beverage Control has broad authority to examine records of all entities handling alcoholic beverages in this state pursuant to R.S. 26:370, providing:
 § 370. Examination of records
 The secretary may examine, at all reasonable hours, the books, records, and other documents of all manufacturers, distillers, permittees, dealers, transportation companies, agencies, or firms shipping alcoholic beverages into or handling alcoholic beverages in this state. If a manufacturer, distiller, permittee, dealer, transportation company, agency, or firm refuses to permit this examination by the secretary, the secretary may proceed by rule, in or out of term, in open court or in chambers, in any court in the parish where the refusal occurred, requiring the person refusing to show cause why the secretary should not be permitted to examine its books, records and documents. Refusal by a manufacturer, distiller, permittee, dealer, transportation company, agency, or firm to allow the secretary access to its books, records, and documents shall render any alcoholic beverages within this state owned by or in the possession of or in the control of such person or his employer or agent subject to seizure, forfeiture, and sale as provided in this Chapter.
Further, the Office of Alcohol Beverage Control may conduct audits and investigations pursuant to R.S. 26:375, stating:
 § 375. Interference with inspection by the secretary prohibited
 No person shall refuse to allow, on demand, the secretary or his agent to make a full inspection of any place of business where beverages of high alcoholic content are kept or sold, nor shall any person refuse to allow, on demand, the secretary or his agent to audit the books and records of any business dealing in alcoholic beverages, nor shall any person in any way hinder or prevent such inspection or audit.
You reference LAC 55:VII.307 of the Administrative Procedure Act which pertains to the Office of Alcohol Beverage Control and states:
 H. All inspections and audits made and all Schedule B's on file shall remain confidential in the board's files, unless and until the same are used in connection with enforcement purposes or any denial, suspension or revocation preceding based upon R.S. 26:80(D), (E), (F), (G), and (H).
We find this agency rule to be congruent with R.S. LSA-R.S.44:4(3), providing that the Public Records Act does not apply to the following:
 To any records, writings, accounts, letters, letter books, photographs or copies thereof, in the custody or control of any officer, employee, agent or agency of the state whose duties and functions are to investigate, examine, manage in whole or in part, or liquidate the business of any private person, firm or corporation in this state, when the records, writings, accounts, letters, letter books, photographs or copies thereof, pertain to the business of the private person, firm or corporation, and are in their nature confidential.
The custodian of a public record has a duty to segregate public records from nonpublic records prior to making the public record available for examination. See LSA-R.S. 44:32(B)[11] and LSA-R.S. 44:33(A)(1).[12] Those portions deemed nonpublic must be excised prior to the public release of the record.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:ams

OPINION NUMBER 90-594
Mr. Roy M. Bowes, Esq. Assistant Parish Attorney Parish of Jefferson P.O. Box 9 Gretna, LA 70054
90-C. PUBLIC FUNDS LSA-R.S. 44: 4(1): LSA-R.S. 47:349: LSA R.S.47:1508
Public Records Law controls disclosure of information germane to occupational licenses: information not a public record is privileged against disclosure by tax laws.
[1] R.S.26:791 states:
There is hereby created and established within the Department of Revenue, as an administrative unit thereof, the office of alcohol and tobacco control, the head of which shall be the commissioner who shall also be the assistant secretary of the office of alcohol and tobacco control, appointed by the governor with the advice and consent of the Senate of Louisiana to serve at his pleasure. The commissioner shall be a full-time employee and shall receive an appropriate salary as fixed by the governor.
[2] R.S. 44:3(A) states:
A. Nothing in this Chapter shall be construed to require disclosures of records, or the information contained therein, held by the offices of the attorney general, district attorneys, sheriffs, police departments, Department of Public Safety and Corrections, marshals, investigators, public health investigators, correctional agencies, communications districts, intelligence agencies, or publicly owned water districts of the state, which records are:
(1) Records pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated, until such litigation has been finally adjudicated or otherwise settled. . . .
[3] R.S. 44:9(G) states:
G. "Expungement" means removal of a record from public access but does not mean destruction of the record. An expunged record is confidential, but remains available for use by law enforcement agencies, criminal justice agencies, the Louisiana State Board of Medical Examiners, the Louisiana State Board of Nursing, the Louisiana State Board of Dentistry, the Louisiana State Board of Examiners of Psychologists, or the Emergency Medical Services Certification Commission.
[4] LSA-Ch. C. Art. 404 states:
Juvenile cases shall be docketed and handled separately from regular criminal and civil cases, and juvenile case records shall be confidential and kept separately.
LSA-Ch. C. Art 411 states, pertinently:
A. Records and reports concerning all matters or proceedings before the juvenile court, except traffic violations, are confidential and shall not be disclosed except as expressly authorized by this Code. Any person authorized to review or receive confidential information shall preserve its confidentiality in the absence of express authorization for sharing with others.
[5] 42 U.S.C. § 405(c)(2)(C)(vii)(I) (viii)(I) states: social security account numbers and related records that are obtained or maintained by authorized persons pursuant to any provision of law enacted on or after October 1, 1990, shall be confidential, and no authorized person shall disclose any such social security account number or related record.
[6] In general each person shall keep a reasonable record of his gross receipts, gross fees or commissions, or loans made. This record shall be kept separately for each place of business, and shall be subject to examination and inspection by the collector or his duly authorized assistants.
B. (1) Except as otherwise provided by law, the records and files of the collector or the records and files maintained pursuant to a tax ordinance, excluding ad valorem property taxes and ad valorem property tax assessment rolls, of any political subdivision are confidential and privileged, and no person shall divulge or disclose any information obtained from such records and files except in the administration and enforcement of the tax laws of this state or of a political subdivision of this state.
(2) No person shall divulge or disclose any information obtained from any examination or inspection of the premises or property of any person in connection with the administration and enforcement of the tax laws of this state or a political subdivision of this state except to the taxing jurisdiction of his employment or, in the case of an already existing independent contractor arrangement, to the contracting taxing jurisdiction.
(3) Neither the collector nor any employee engaged in the administration or charged with the custody of any such records or files shall be required to produce any of them for inspection or use in any action or proceeding, except in an action or proceeding in the administration or enforcement of the tax laws of this state or of a political subdivision.
(4) Any officer, employee, or agent or any former officer, employee, or agent of any political subdivision of the state who unlawfully discloses any information obtained from a return of a taxpayer or records and files of the collector, contrary to the provisions of this Section, shall be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than ten thousand dollars or be imprisoned for not more than two years, or both.
(5) Nothing contained in this Section shall be construed to prevent such persons from disclosing a return of a taxpayer or the records of the secretary as authorized by law in any judicial proceeding in which the state or any political subdivision thereof is a party.
[7] LSA-R.S. 47:1508 provides, in pertinent part: § 1508. Confidential character of tax records
A. (1) Except as otherwise provided by law, the records and files of the secretary of the Department of Revenue or the records and files maintained pursuant to a tax ordinance, excluding ad valorem property taxes and ad valorem property tax assessment rolls, of any political subdivision are confidential and privileged, and no person shall divulge or disclose any information obtained from such records and files except in the administration and enforcement of the tax laws of this state or of a political subdivision of this state. Notwithstanding the provisions of this Section, upon the request of the secretary of the Department of Social Services or his designee, the secretary of the Department of Revenue shall provide to the Department of Social Services the address and social security number of the person designated by that department as an absent parent for the purpose of implementing the provisions of R.S. 46:236.1.1 et seq., the family and child support program.
(2) No person shall divulge or disclose any information obtained from any examination or inspection of the premises or property of any person in connection with the administration and enforcement of the tax laws of this state or a political subdivision of this state except to the taxing jurisdiction of his employment or, in the case of an already existing independent contractor arrangement, to the contracting taxing jurisdiction.
(3) Neither the secretary nor any employee engaged in the administration or charged with the custody of any such records or files shall be required to produce any of them for inspection or use in any action or proceeding, except in an action or proceeding in the administration or enforcement of the tax laws of this state or of a political subdivision.
[8] R.S. 47:1508(C) states:
C. Whoever violates any provision of this Section by divulging information unlawfully shall be punished by imprisonment for not more than two years or fined not more than ten thousand dollars, or both.
[9] LSA-R.S. 44:4(1) states:
This Chapter shall not apply:
(1) To any tax return or the information contained in any tax return. However, the name and address of any person who obtains an occupational license, the information on the face of the license, and information as to whether an occupational license has been issued to a particular person shall be public records.
[10] LSA-R.S. 44:4(3) states:
This Chapter shall not apply:
(3) To any records, writings, accounts, letters, letter books, photographs or copies thereof, in the custody or control of any officer, employee, agent or agency of the state whose duties and functions are to investigate, examine, manage in whole or in part, or liquidate the business of any private person, firm or corporation in this state, when the records, writings, accounts, letters, letter books, photographs or copies thereof, pertain to the business of the private person, firm or corporation, and are in their nature confidential.
[11] R.S. 44:32(B) states:
B. If any record contains material which is not a public record; the custodian may separate the nonpublic record and make the public record available for examination.
[12] R.S. 44:33(A)(1) states:
When a request is made for a public record to which the public is entitled, the official, clerks of court and the custodian of notarial records in and for the parish of Orleans excepted, who has responsibility for the record shall have the record segregated from other records under his custody so that the public can reasonably view the record.
Dear Mr. Bowes:
You have asked for an opinion of the Attorney General as to whether the Public Records Law as modified by any other statutory provision requires the Tax Collector (Jefferson Parish Sheriff) to disclose the legal name and mailing/physical address of any and all businesses registered with the Tax Collector's Office incidental to the issuance of occupational licenses and collection of taxes.
LSA-R.S. 47:349 and LSA-R.S. 47:1508 appear to expressly prohibit the disclosure of information about the taxpayer which is generated through the administration of a tax ordinance such as the occupational license tax.
The provisions of both statutes are parallel. R.S. 47:349
provides, in pertinent part, the following priviledge for records maintained by the tax collector in regard to an occupational license tax:
 "B (1) Except as otherwise provided by law, the records and files maintained pursuant to a tax ordinance, excluding ad valorem property taxes and ad valorem property tax assessment rolls, of any political subdivision are confidential and priviledged, and no person shall divulge or disclose any information obtained from such records and files except in the administration and enforcement of the tax laws of this State or of a political subdivision of this State."
Such records, but for the statutory privilege, would be public records under the Public Records Law and subject to disclosure by its requirements. LSA-R.S. 44:1 et seq. The pertinent issue is therefore the substantive content of the privilege created, beyond the scope of which the records become subject to the disclosure requirements of the Public Records Law.
The legislative intent of the statutes ordaining the confidentiality of these records is the privacy interest of the taxpayer, which if protected, facilitates the honest and full complicity of the taxpayer with the administration by the government of taxation requirements. Hence, the protection of the taxpayer's privacy interest in his financial affairs is legislatively seen as an important means for securing the public interest in the collection of tax revenues.
This legislative intent provides the legal context for interpreting the scope of the statutory privileges viz-a-viz the Public Records Law. Any exemption to the Public Records Law is in derogation of public's right to be reasonably informed as to manner, basis and reasons upon which governmental affairs are conducted, and therefore must be interpreted narrowly. AmocoProduction Co. v. Landry. 426 So.2d 220 (La.App. 4th Cir. 1982); La. Const. Art. XII, § 3 (1974).
Moreover, the interpretation of the legislative intent for R.S.47:349 and R.S. 47:1508 must be made in pari materia with the exemption for tax records provided by the Public Records Law itself in R.S. 44:4(1), to wit:
 This Chapter shall not apply:
 (1) To any tax return or the information contained in any tax return. However, the name and address of any person who obtains an occupational license, the information on the fact of the license, and information as to whether an occupational license has been issued to a particular person shall be public records." (Emphasis added)
The provisions of R.S. 44:4 have been held by the courts to be subject to enlargement or reduction in scope by statutes of other Titles of the Revised Statutes, including in particular R.S.47:1508. Buras v. State, 496 So. 2d 517 (La.App. 1st Cir. 1986); UFS v. Guste, 555 So.2d 561 (La.App. 1st Cir. 1989). See also Opinion of the Attorney General No. 90-377. The language of R.S. 44:4(1) is not a fortiorari controlling over the statutory privilege against disclosure provided in Title 47.
The conflict presented is between the public's constitutional right to be informed of the nature of public affairs and the individual's reasonable expectation that government will protect the inherently private character of personal financial information submitted by a citizen in order to comply with tax laws. The weight of this expectation of privacy in personal financial information is accorded great weight:
 "We specifically recognize that it is important to a free people that personal financial information not be made public except to satisfy important rights of others or an overriding public interest in the disclosure." Plaquemine Parish Commission v. Delta Development Co., 472 So.2d 560 (La. 1985).
To the extent that R.S. 47:349 and R.S. 47:1508 protect from disclosure the personal financial information of the taxpayer, these statutory privileges supercede any duty to disclose imposed by the Public Records Law. In fact, these statutes so interpreted as to financial information are congruent in effect with the exemption recognized by R.S. 44:4(1). Both exemptions evidence a legislative determination, as authorized by the exception clause of La. Const. Art. XII, § 3 (1974), that the individual expectation of privacy in such financial information is reasonable and outweighs the public interest in disclosure.
However, "the right of privacy is not absolute; it is qualified by the rights of others. . . . The right of privacy is also limited by society's right to be informed about legitimate subjects of public interest." Parish National Bank v. Lane,397 So.2d 1282, 1286 (La. 1981); Plaquemine Parish Comm'n v. DeltaDev. Co., 472 So.2d 560 (La. 1985).
The objective reasonableness of the expectation of privacy subjectively held by the citizen is what is balanced with the public interest in disclosure. No matter how strong the individual interest in anonymity, the reasonableness of this subjective expectation of privacy has been regarded skeptically by the Courts. "Federal courts have noted that a [person's]mere loss of anonymity is considered only as a minor invasion of privacy . . ." Webb v. City of Shreveport, 371 So.2d 316,319 (La.App. 2nd Cir. 1979); Trahan v. Larivee, 365 So.2d 294,299 (La.App. 3rd Cir. 1979). (Emphasis original).
While Trahan found the expectation of privacy of municipal employees in the confidentiality of their personnel evaluations to be reasonable and constitutionally protected against mandatory disclosure under the Public Records Law, it too recognized that the disclosure of an employee name to be a minor invasion of privacy, because of the minimal reasonable expectation of privacy in one's name.
Because the legislative intent in enacting R.S. 47:349 and47:1508 was to protect the taxpayer's reasonable expectation of privacy in his personal financial information, the substantive scope of the privilege against disclosure established by these statutes is limited to the protection of the confidentiality of this information. Because the taxpayer has such a minimal expectation of privacy in his or her or its name and address, this information is not legislatively intended to be within the scope of the privacy interest exempted from operation of the Public Records Law.
Accordingly, that information deemed non-privileged by the second sentence of R.S. 44:4 (1) is a public record subject to disclosure under the terms of the Public Records Law. It includes:
(1) The name and address of any person who obtains an occupational license;
(2) The information on the face of the license;
(3) The name of the particular person to whom the license is issued.
You also inquire if the social security number, Federal I.D. number, or date of birth may be disclosed from the tax records. The Attorney General has previously opined that a citizen's social security number, being also the taxpayer identification number, is privileged from disclosure by R.S.47:1508. Opinion of the Attorney General No. 90-272. In our opinion. the other information specified by you is also fairly within the scope of the privacy interest protected as confidential by R.S. 47:349 and 47:1508, and not subject to disclosure unless appearing on the face of the occupational license.
 Trusting this to be of sufficient information, I am
 Sincerely,
 WILLIAM J. GUSTE, JR.
 Attorney General
 BY: ______________________________
 CHARLES J. YEAGER
 Assistant Attorney General

OPINION NUMBER 93-12
Mr. Douglas Duty, Chairman Louisiana Pesticide Advisory Commission Post Office Box 3596 Baton Rouge, Louisiana 70821-3596
90-C — PUBLIC RECORDS
LSA-R.S. 44:1 et seq.
Records of private individual, company or corporation, which are only in physical control of state, parish or municipal employee for purpose of inspection and/or investigation, are not covered by the Public Records Law.
Dear Mr. Duty:
You have requested an opinion from this office with regard to whether application records of aerial and/or commercial applicators, which Louisiana Department of Agriculture and Forestry have access to or possession of during the course of routine inspections and/or investigations, are subject to the Public Records Law.
Only the records of a public body, that is, the state, parish or municipal governments, or any of their instrumentalities, are covered by the Public Records Law (LSA-R.S. 44:1 et seq.). The records of private individuals, companies or corporations are not covered by the Public Records Law. See Op. Atty. Gen., 1942-44, p. 1322.
Although the Department inspector may have physical control of the records during his inspection and/or investigation, as long as the records remain in the custody of the private individual, company or corporation, the records are not covered by the Public Records Law.
Trusting this to be sufficient for your purposes, I am
 Yours very truly
 RICHARD P. IEYOUB,
 Attorney General
 BY: ________________________
 Norman W. Ershler
 Assistant Attorney General

Act 195 of 1940, as amended by Act 118 of 1942, governs retention of Public Records in state.
August 23, 1943.
Brown's Velvet Ice Cream Co., 1332 Baronne Street, New Orleans 10, Louisiana.
Attention: Miss Wallentine.
Gentlemen:
This Department has given consideration to your letter of August 9th, reading as follows:
 "Kindly send us schedules of retention of records required by the statutes of the State of Louisiana."
In reply, this Department advises that the only specific statute setting forth the period of time during which records are required to be kept is the "Public Records Act," Act 195 of 1940, as amended by Act 118 of 1942. This Act has reference to public records only and does not cover the private records of corporations. If you have reference to the period of time during which private records of a corporation are required to be retained, this is a matter which you should take up with your private attorney, as the period of time for keeping of such records varies insofar as records relating to taxes are concerned and those relating to the keeping of ordinary correspondence, etc. This Department is not authorized to render advice covering private business, being limited in that respect to information to state departments, and political subdivisions of the state, its officers and employees.
Therefore, if you do not have reference to the Public Records Act, we would suggest that you consult your private attorney for such additional advice as you may desire.
Regretting our inability to be of further assistance to you, I am
EDWINA E. BRECKWOLDT.