PER CURIAM.
The issue on appeal is whether the trial court erred in failing to order the production of documents under the Public Records Act and to award attorney fees and costs.
Plaintiff, H.P. Rowley, III, submitted a written request to the Chief of Police of Mandeville pursuant to the Public Records Act to inspect and copy certain traffic tickets. The Chief of Police denied that request on the ground that the records were exempt from disclosure. Rowley then sued seeking a writ of mandamus ordering the Chief of Police to produce the records and for reasonable attorney fees and costs.
The trial court ruled that the traffic tickets were public records subject to inspection, but that Rowley’s request for all tickets by a specific patrolman during a specific month and all tickets issued by any patrolman during the same month for offenses in a specific area was improper. The court reasoned that the custodian had no responsibility to provide the specific documents requested when they were not indexed in the manner contained in the request. The trial court failed to award attorney fees to Rowley and cast each side for costs. Rowley appeals.
The issues on appeal are whether the trial court erred in failing to order the Chief of Police to produce the records at a specific time and for a specific cost and in failing to award Rowley costs and attorney fees.
The judgment issued by the trial court states that the traffic citations are public records, but does not order the Chief of Police to make the records available for inspection and copying. Mr. Rowley’s request for the issuance of a writ of mandamus was proper. La.R.S. 44:35(A). We find that he is entitled to an order requiring that the reports be produced in light of his request for the writ of mandamus.
Mr. Rowley also argues that the trial court should have set a reasonable price for the copying of such records. However, his petition does not request such relief. Following the trial, Mr. Rowley submitted a supplemental brief to which he attached correspondence from the Clerk of Court of the Mayor’s Court indicating that there would be a $5.00 copy charge for any record, but he did not address the issue of reasonable copying costs in his supplemental brief. In the absence of any evidence of record indicating either the costs charged by the Chief of Police or what a reasonable cost would be, or a request by Mr. Rowley in his petition that such a charge be set, we find no error in the trial court’s failure to set a specific amount. However, as indicated in the trial court’s reasons for judgment and Louisiana Revised Statutes Title 44, section 32(C)(1), any fees established in making such copies must be reasonable.
Mr. Rowley also argues that he is entitled to attorney fees and costs under Louisiana Revised Statutes Title 44 section 35(D). That statute provides as follows:
D. If a person seeking the right to inspect or to receive a copy of a public record prevails in such suit, he shall be awarded reasonable. attorney’s fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney’s fees or an appropriate portion thereof.
While Mr. Rowley prevailed in having the traffic tickets declared public records, he did not prevail in having the documents segregated in the specific manner he requested. Since he prevailed only in part, the decision not to award attorney fees was within the discretion of the trial court. See Lewis v. Spurney, 456 So.2d 206 (La.App. 4th Cir.1984), writ denied, 457 So.2d 1183, 458 So.2d 488 (La.1984). We find no abuse of that discretion and are not disposed to award attorney fees.
The award of costs of litigation when a person “prevails in part” is not addressed by Louisiana Revised Statutes Title 44, section 35(D). We do not find that the trial court was manifestly erroneous in apportioning costs equally between plaintiff and defendant.
Accordingly, for the reasons contained herein, the judgment of the trial court is *688 amended as follows. Thomas H. Buell is hereby ordered to make available to H.P. Rowley, III, for inspection and copying at a reasonable cost, the traffic tickets requested, segregated to the extent possible in accordance with the normal indexing practices of the custodian, within five (5) days from the date of notice of this decision. All costs on appeal are assessed one-half to plaintiff and one-half to defendant.
AMENDED AND AFFIRMED.