Dear Mayor Doyle:
You have requested an Attorney General's opinion concerning the applicability of the Public Records Act to certain police records. Specifically, the public record request, in part, states:
 ". . . please accept this letter as my formal request for access to the number of tickets issued at the traffic light at Highway 165 South and State Road 113 in Glenmora, for the alleged infraction of failure to stop, for the year 1998. I would also respectfully request that the resolution of these tickets, whether dismissed or paid, also be made available for my review. . . ."
In Rowley v. Buell, 552 So.2d 686 (La.App. 1st Cir. 1990), the court reviewed issues very similar to the ones raised by this opinion request. That court found that traffic citations were public records but that the plaintiff's request for all tickets by a specific patrolman during a specific month and all tickets issued by any patrolman during the same month for offenses in a specific area were improper.
However, the court concluded that the plaintiff was entitled to an order requiring that the reports be made available and segregated to the extent possible in accordance with the normal indexing practices of the custodian. In other words, the requestor cannot demand that the requested documents be segregated in any specific manner as requested.
If the indexing of the tickets at issue allows for access to the degree requested, then access in that form must be allowed for their review. If not, and you as custodian can establish that proper indexing practices do not allow for the reasonableness of this request, then the requestor may review the records in a manner consistent with those indexing practices.
You also ask if the Town can request compensation for furnishing these records. Pursuant to LSA-R.S. 44:32(C), the custodian may establish and collect reasonable fees for making copies of public records.
Also, pursuant to LSA-R.S. 44:32(B), reasonable compensation is allowed in cases where examination of the public record by the requestor is authorized by the custodian after regular office or working hours. That compensation is to be paid to the persons designated by the custodian to provide vigilance during the requestor's examination of the public documents.
However, the Public Records Act does not provide for the compensation of persons making copies of public records. Only those individuals providing vigilance for the requestor's review after working hours are authorized to collect compensation pursuant to LSA-R.S. 44:32(B).
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb
Date Received:
Date Released:
Carlos M. Finalet, III Assistant Attorney General