CHUTZ, J.
Plaintiff-appellant, Eric Lowe, appeals the trial court's judgment denying him attorney fees subsequent to his request for withheld and redacted documents by defendants-appellees, the Parish of St. Tammany, its president, Patricia P. Brister, and its Director of Planning and Development, Sidney Fontenot (collectively "the Parish"). We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
Lowe made a public records request (PRR) to the Parish seeking "[t]he entire file, or files, pertaining to code enforcement case CE9532 (108 Churchill Downs Dr.) to include the application for a home office permit." Lowe additionally requested "any and all emails, letters, memos, and faxes, internal and external, regarding these files, applications, investigations, or anything regarding this matter." The following day, the Parish responded to Lowe's PRR by letter advising that, while it had begun the process of retrieving the requested documents, it would avail itself of any statutory provision which either exempted or prohibited production of documents as well as the attorney-client privilege.
The Parish subsequently advised Lowe that it had located 819 pages and three videos responsive to his PRR. The Parish also informed Lowe that 17 pages were redacted "for privileged inter-Parish Government correspondence that included a Parish attorney or attorneys and/or the personal information of private citizens"; and that 34 pages "that were designated as privileged inter-Parish Government correspondence that included a Parish attorney or attorneys" would not be produced.
Lowe then sent a letter to the Parish requesting it produce a Privilege Log regarding any and all documents and/or portions *1037 of documents that were withheld due to a privilege. The Parish responded that it did "not know of any legal provision that would compel [it] to produce a privilege log relating to a [PRR]."
On January 14, 2016, Lowe filed a petition for a writ of mandamus, declaratory judgment, attorney fees, penalties, costs, and damages. He specifically requested issuance of a writ of mandamus ordering that, relative to the 34 withheld documents, the Parish produce: a privilege log; and/or, alternatively, the documents "with the most limited redactions possible while preserving the alleged privilege"; and/or the allegedly privileged documents for an in camera inspection. Lowe also requested that, subsequent to his requested production of documents and/or in camera inspection, the trial court issue a declaratory judgment declaring whether the 34 documents withheld by the Parish were public records subject to disclosure. The Parish subsequently filed a peremptory exception raising the objection of no cause of action averring that it was not required to create and produce a privilege log.
A hearing was held on March 9, 2016, on both the exception of no cause of action and the public record claims Lowe raised in his petition. The trial court determined it would conduct an in camera inspection, and it directed the Parish to produce the redacted and withheld documents, taking the matter under advisement. After issuing detailed written reasons for judgment, on April 13, 2016, the trial court signed a judgment, overruling the exception of no cause of action and granting the writ of mandamus, ordering the Parish "to produce the public records at issue that were withheld from [Lowe], excepting therefrom any personal information of private citizens, pursuant to a mutual protective order." Neither Lowe nor the Parish filed motions for new trial or appealed the April 13, 2016 judgment.
On October 31, 2016, Lowe filed motion for attorney fees, penalties, costs, and damages. A hearing was held and on February 7, 2017, the trial court signed a judgment denying Lowe's request for attorney fees, penalties, statutory costs, and damages, but granting his request for court costs. Lowe appeals asserting that the trial court erred in not awarding him attorney fees since he had prevailed in the litigation.[1]
SUBJECT MATTER JURISDICTION
While the appeal was pending in this court, the Parish filed a declinatory exception raising an objection of a lack of subject matter jurisdiction.[2] The Parish urges the trial court was without jurisdiction to hear the motion for attorney fees. Consequently, before addressing the merits of Lowe's appeal, we must determine whether the trial court had subject matter jurisdiction. If it did not, then this court likewise lacks jurisdiction, except to vacate the trial court's judgment to correct the error in entertaining the motion. See Acadian Properties Northshore, L.L.C. v. Fitzmorris, 2017-0424 (La. App. 1st Cir. 11/1/17), 234 So.3d 927, ----, 2017 WL 4974603.
The gist of the Parish's contention challenging subject matter jurisdiction is that the trial court's failure to award attorney fees in the April 13, 2016 judgment that *1038 ordered issuance of the writ of mandamus constituted a rejection of Lowe's claim. Because Lowe neither filed a motion for new trial nor appealed the April 13, 2016 judgment the Parish maintains that Lowe's motion for attorney fees, filed over six months after issuance of the mandamus on October 31, 2016, was an attempt to substantively amend a final and definitive judgment.
While silence in a judgment is deemed to be a rejection of the claim, this principle does not apply where the issue or claim was not then before the court for its consideration. Louisiana Workers' Comp. Corp. v. Sims, 2014-1378 (La. App. 1st Cir. 4/24/15), 2015 WL 1882608, *2. Here, the record shows that in setting Lowe's public record claims for a hearing, the scope of Lowe's public record claims included requests for a writ of mandamus or, alternatively, an in camerainspection, and declaratory relief. The trial court's order stated that the issue of whether the Parish should be cast with, among other things, attorney fees was to be addressed "in due course." Based on our review of the transcript from the hearing in which the trial court determined it would conduct an in camera inspection of the redacted and withheld documents and took the pending matters under advisement, we agree with the trial court that Lowe's entitlement to attorney fees was not then before it. See Louisiana Workers' Comp. Corp., 2015 WL 1882608 at *2. If the order applied for by written motion is one which requires supporting proof, the motion shall be tried contradictorily with the adverse party. La. C.C.P. art. 963. Since the order awarding attorney fees required Lowe to produce evidence of his right to relief, he correctly applied for it by written motion. And the January 19, 2017 hearing on that motion, conducted in accordance with the provisions of La. C.C.P. art. 963, was proper. Accordingly, we deny the relief sought by the Parish in its exception objecting on the basis of a lack of subject matter jurisdiction.
ATTORNEY FEES
La. R.S 44:31B(1) provides "any person of the age of majority may inspect, copy, or reproduce any public record." La. R.S. 44:32A further provides, in part, "[t]he custodian shall present any public record to any person of the age of majority who so requests." The enforcement provision under the Public Records Law is provided in La. R.S. 44:35, which provides in pertinent part:
A. Any person who has been denied the right to inspect, copy, reproduce, or obtain a copy or reproduction of a record under the provisions of [the Public Records Law], either by a determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his in-person, written, or electronic request without receiving a determination in writing by the custodian or an estimate of the time reasonably necessary for collection, segregation, redaction, examination, or review of a records request, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located....
D. If a person seeking the right to inspect, copy, or reproduce a record or to receive or obtain a copy or reproduction of a public record prevails in such suit, he shall be awarded reasonable attorney fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney fees or an appropriate portion thereof.
Once a record requester prevails in a suit under the Louisiana Public Records *1039 Law, La. R.S. 44:35 mandates an award of reasonable attorney fees. The statute further states that if the record requester is partially successful in its suit the court has discretion to award reasonable attorney fees. La. R.S. 44:35D; Aswell v. Div. of Admin., State, 2015-1851 (La. App. 1st Cir. 6/3/16), 196 So.3d 90, 95, writ denied, 2016-1263 (La. 11/7/16), 209 So.3d 102.
In this case, the trial court ultimately issued a writ of mandamus ordering the Parish "to produce the public records at issue that were withheld from [Lowe], excepting therefrom any personal information of private citizens, pursuant to a mutual protective order." Lowe asserts, and the record confirms, that during the March 9, 2016 hearing, he orally modified his request to exclude private citizens' personal information. Having obtained the withheld documents, Lowe contends he prevailed in his suit and, under La. R.S. 44:35D, the trial court was mandated to award him reasonable attorney fees.
In his petition, in addition to his demands for the writ of mandamus, the alternative requests of an in camera inspection and production of a privilege log, and subsequent declaratory relief, Lowe sought not only attorney fees but both civil and criminal penalties,[3] statutory costs, and damages. Although the trial court conducted the in camera inspection and granted the writ of mandamus, directing the Parish to produce the withheld records, in addition to not reaching the issue of Lowe's entitlement to a declaratory judgment, it denied Lowe the additional pleaded requests for penalties, statutory costs, and damages. Thus, Lowe prevailed only in part in this public records lawsuit. See and compare Thibodeaux v. Field, 2009-0241 (La. App. 1st Cir. 7/27/09), 2009 WL 2225443, *3 (because public record requester's claims for injunctive and mandamus relief were rendered moot when the custodian fulfilled the request before the demands for relief were heard, public record requester prevailed only "in part" in his suit and could seek only a discretionary award of "reasonable attorney fees or an appropriate portion thereof").
Although the trial court granted the requested mandamus relief and ordered the production of documents, Lowe prevailed only in part as his other demands considered by the court were denied. Accordingly, we cannot say that the trial court's decision to award no discretionary attorney fees was an abuse of its discretion. See Rowley v. Buell, 552 So.2d 686, 687 (La. App. 1st Cir. 1989) (per curiam), rev'd in part on other grounds, 556 So.2d 50 (La. 1990) ; see also Lewis v. Spurney, 456 So.2d 206, 208 (La. App. 4th Cir.), writs denied, 457 So.2d 1183, 458 So.2d 488 (La. 1984) (after reversal of trial court's dismissal of public record requester's demand for records, appellate court declined to award discretionary attorney fees since custodian's resistance was in good faith). We find no abuse of discretion by the trial court in denying Lowe's request for attorney fees.[4]
*1040 DECREE
For these reasons, we deny the Parish's exception objecting on the basis of a lack of subject matter jurisdiction. The trial court's February 7, 2017 judgment is affirmed. Appeal costs are assessed against plaintiff-appellant, Eric Lowe.
EXCEPTION DENIED; JUDGMENT AFFIRMED.

Although the trial court's judgment did not express costs in a dollar amount as required by La. R.S. 13:5112A, since that portion of the judgment which awarded court costs to Lowe was not appealed by any party, the defect is not before us in this appeal.

An appeal can be dismissed at any time for lack of jurisdiction of the appellate court or because there is no right to appeal. La. C.C.P. art. 2162.

See La. R.S. 44:35E (providing for civil penalties not to exceed one hundred dollars per day exclusive of Saturdays, Sundays, and legal public holidays for each day the custodian unreasonably or arbitrarily fails to respond to the public record requester) and La. R.S. 44:37 (stating that anyone convicted of a violation of the Public Records Law shall be fined between $100 and $1,000 or imprisoned between one and six months for a first conviction; and fined between $250 and $2,000 and/or imprisoned between two and six months for any subsequent conviction).

Because he was unsuccessful in this appeal, Lowe is not entitled to an additional award of attorney fees. See Angelo Iafrate Const., L.L.C. v. State ex rel. Dep't of Transp. & Dev., 2003-0892 (La. App. 1st Cir. 5/14/04), 879 So.2d 250, 255, writ denied sub nom., Angelo Lafrate Const . , L.L.C. v. State ex rel. Dep't of Transp. & Dev., 2004-1442 (La. 9/24/04), 882 So.2d 1131 (if the party requesting enforcement of the Public Records Law is required to appeal the action of the trial court, that party, if successful, is entitled to an award of additional attorney fees for prosecuting the appeal).